MITCHELL v. MOORE AND MOORE.

1. **Pleading**: SWORN ANSWER. A sworn answer does not make other or greater proof necessary than if the answer was not verified. Rev. § 2915; *Shepard* v. *Ford*, 10 Iowa, 502.

2. **Contract**: LAND EXCHANGE: FALSE REPRESENTATIONS. Where material representations relative to the quality of land are false, and so known to be by the party making them, this amounts to *fraud*, for which a rescission of the contract for the exchange of lands in the negotiation of which the representations were made, will be rescinded and a reconveyance ordered. *Holmes* v. *Clark*, 10 Iowa, 423.

3. —— RESCISSION. A return of the deed in such case by the party seeking the rescission, would not be sufficient to divest himself of the title conveyed to him; but if it appears that before suit he expressed his willingness to restore to defendant all he had received from him in the exchange, upon defendant reconveying the land received from him, which defendant refused, it is sufficient.

Mitchell v. Moore and Moore.

*Appeal from Washington District Court.*

Thursday, May 7.

Suit in equity to set aside a contract for exchange of lands and to cancel deeds executed pursuant thereto. The plaintiff was the owner of lot 4, block 24, in Washington, Iowa; and the defendants were owners (the legal title being in the wife, Annette Moore), of the E. ½ of S. E. ¼ of Sec. 9, T. 72, R. 29 W., and N. E. ¼ of S. E. ¼ of Sec. 32, T. 73, R. 29 W., in Union county, Iowa. The exchange was made in July, 1865, the plaintiff giving his house and lot for the defendants' lands and $200; the deeds were made and money paid at the time of the exchange. The defendant T. B. Moore had then recently returned from a visit to and examination of the lands, and the plaintiff relied wholly upon the said defendant's representations as to the location and quality of the lands. The trade is now sought to be canceled because those representations were false. The District Court canceled the trade and ordered reconveyances made. The defendants appeal.

*Lewis & Bennett* for the appellants.

*Patterson & Rhinehart* for the appellee.

Cole, J.—The plaintiff exchanged his house and lot in Washington, with defendants, for their land in Union county. The defendant T. B. Moore had actual knowledge of the location and quality of the lands, having then recently been upon and examined them. The plaintiff was induced by defendant to make the exchange, relying upon his representations as to the situation, quality and value of the lands. The plaintiff had no knowledge whatever as to them. Shortly after the trade, the plaint-

iff took a wagon load of his household goods and went from Washington, Iowa, to the lands in Union county, with the view of settling upon and improving the same; but finding them so materially different from and inferior to the representations by defendant as to them, he returned to Washington and demanded a cancellation of the trade, and offered to surrender the deed and title received by him. The defendant refused, and this suit was brought.

The plaintiff, his wife and two sons, testify as to the representations by defendant upon which the trade was made. The defendant does not, by his testimony or any other proof, contradict these; but his counsel rely upon his sworn answer, and which they claim has not been overcome by the testimony on the part of plaintiff. Such sworn answer does not make other or greater proof necessary than if the answer was not verified. Rev. § 2915; *Shepard* v. *Ford*, 10 Iowa, 502.

1. PLEADING: sworn answer.

That the representations were materially false, cannot, under the testimony, be seriously controverted. Being *false* within the *knowledge* of the party making them, it amounts to *fraud. Holmes* v. *Clark*, 10 Iowa, 423.

2. CONTRACT: land exchange: false representations.

The plaintiff, upon his return from the lands, tendered back to defendants the deed he had received from them, and which had not been recorded. It is true, that such return of the deed would not divest the title which had been conveyed by it. *Nicholson* v. *Halsey et al.*, 1 Johns. Ch. 417; *Blaney* v. *Hanks*, 14 Iowa, 400.

3. —— rescission: reconveyance.

But it is reasonably clear from the proof, that the plaintiff, before bringing this suit, both expressed and manifested his willingness and ability to restore to defendants all he had received from them in the exchange,

upon having the title to his lot reconveyed to him. This was sufficient, and was refused by defendants.

The counsel for appellants insist, in their argument, that "plaintiff tenders back $200, but the District Court makes no mention of it in the decree, and it is to be presumed the court did not intend that defendants should have it." Not so, but being duly tendered, the defendants would be entitled to it upon performing the condition upon which the tender was made, as the judgment requires them to do. If the money was not, in point of fact, duly tendered and brought into court for the defendants, the District Court will make such orders as may be necessary to secure its repayment to them.

Affirmed.