HAWLEY D. CLAPP, Respondent, *v.* EDWARD G. BYRNES, Appellant, Impleaded with GEORGE W. GARRETSON et al.

INFANT'S INSTRUMENT INOPERATIVE TO DIVEST TITLE. The execution of an instrument by an infant with other heirs cannot operate to divest him of his title to land under his father's will.

    *Clapp* v. *Byrnes*, 3 App. Div. 284, affirmed.

(Argued March 22, 1898; decided April 19, 1898.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 13, 1896, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

This was an action in ejectment to recover the possession of an undivided one-seventh part of certain lands situate in the town of Mamaroneck, in the county of Westchester.

The defendant, in addition to the claim that the plaintiff was divested of title to the premises in dispute, by virtue of the judgment rendered upon the foreclosure of the mortgage held by Huldah H. Clapp, discussed in the case of *Clapp* v. *McCabe* (*ante*, p. 525), interposed the defense that the plaintiff and the other children and heirs of Hawley D. Clapp, Sr., the person who died seized of the premises in question, executed, on April 20, 1883, a deed of the premises to Henry A. Callan, and that by subsequent conveyance from Callan and others the defendant became vested with the plaintiff's title to the premises.

This instrument was offered in evidence and objected to upon the ground "that there is no proof of possession under the deed, and the deed does not convey, or purport to convey or affect, the premises in question, and upon the further ground that if it did purport to convey the premises in question it is a conveyance upon a void trust, and is void and inoperative, and does not convey the title of this plaintiff; and upon the further ground that the plaintiff in this action, at the time of the execution and delivery of that deed, was an infant, and has dis-

.affirmed the same." The trial court sustained the objection and excluded the offered evidence.

*Albert G. McDonald* for appellant. The exclusion of the deed of April 20, 1883, was error, which calls for a reversal of the judgment now appealed from. (*Blackman* v. *Riley*, 138 N. Y. 325; *McRoberts* v. *Bergman*, 132 N. Y. 84; *Roberts* v. *Baumgarten*, 110 N. Y. 385; *Wallace* v. *Swinton*, 64 N. Y. 188; *Little* v. *Banks*, 77 Hun, 511; *Russell* v. *Allerton*, 108 N. Y. 288; *Lorillard* v. *Clyde*, 86 N. Y. 384; Devlin on Deeds, §§ 838, 850; *Mauzey* v. *Mauzey*, 79 Va. 537; *Palmer* v. *Miller*, 25 Barb. 399; *Bool* v. *Mix*, 17 Wend. 119.) The plaintiff is estopped from asserting any title to the premises in question as against this defendant. (*Trustees, etc.,* v. *Smith*, 118 N. Y. 641; *Thompson* v. *Simpson*, 128 N. Y. 287; *Brown* v. *Bowen*, 30 N. Y. 541; *T. B. Co.* v. *Duncan*, 86 N. Y. 228; *Storrs* v. *Barker*, 6 Johns. Ch. 166; *Vellum* v. *Demerle*, 65 Hun, 543; *Carpenter* v. *G. A. Ins. Co.*, 135 N. Y. 299; *Continental Nat. Bank* v. *Nat. Bank of Commonwealth*, 50 N. Y. 583; *Favill* v. *Roberts*, 50 N. Y. 222; *Mattoon* v. *Young*, 2 Hun, 564; *Garnar* v. *Bird*, 57 Barb. 289; *Tilton* v. *Nelson*, 27 Barb. 595.)

*A. Britton Havens* and *Richard V. Boyd* for respondent. The defendant failed to prove any estoppel in his favor sufficient to preclude the plaintiff from asserting his true legal title. (*Thompson* v. *Simpson*, 128 N. Y. 270; *McCulloch* v. *Wellington*, 21 Hun, 5; *T. Bank. Co.* v. *Duncan*, 86 N. Y. 221; *N. Y. R. Co.* v. *Rothery*, 107 N. Y. 310; *Viele* v. *Judson*, 82 N. Y. 32; *Woodhull* v. *Rosenthal*, 61 N. Y. 382; *McKeage* v. *H. F. Ins. Co.*, 81 N. Y. 38; *Wood* v. *Wood*, 83 N. Y. 575; *McPherson* v. *Rollins*, 107 N. Y. 316; *Acer* v. *Westcott*, 46 N. Y. 384.) The deed to Henry A. Callan was not admissible to support a claim of title out of ·plaintiff, for (1) it was not pleaded in the answer, and (2) it is absolutely incompatible with the answer and flatly contradicts it. (Code Civ. Pro. § 500; *Paige* v. *Willet*, 38 N. Y. 28; *Wright* v.

*Delafield*, 25 N. Y. 266; *Field* v. *Mayor*, etc., 6 N. Y. 179; *Kelsey* v. *Western*, 2 N. Y. 500; *Dows* v. *Kidder*, 84 N. Y. 121.) In no event is the deed to Callan competent evidence of an outstanding title sufficient to defeat the plaintiff's recovery. (*Wing* v. *De La Rionda*, 131 N. Y. 422; *Knolls* v. *Barnhart*, 71 N. Y. 474; *Jackson* v. *Hudson*, 3 Johns. 375.) In any event, the deed to Henry A. Callan is of no effect against the plaintiff, he being an infant at the time of its execution and delivery, and having disaffirmed and abrogated it. (*Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *Green* v. *Green*, 69 N. Y. 553; *Jackson* v. *Carpenter*, 11 Johns. 541; *Jackson* v. *Burchin*, 14 Johns. 124; *Bool* v. *Mix*, 17 Wend. 119; *McMurray* v. *McMurray*, 66 N. Y. 175.)

O'BRIEN, J. The principal question in this case is the one discussed and decided in the case of *Clapp* v. *McCabe* at the present term. There are one or two questions discussed in this case that were not present in the case referred to, and they do not call for much discussion.

(1) There was no proof in the case upon which it could be found that the plaintiff was in any way estopped from claiming the lands described in the complaint as against the defendants.

(2) The instrument of April 20th, 1883, executed by the heirs of Hawley D. Clapp to Henry A. Callan was excluded by the court as evidence. The plaintiff was, at the time of executing it, an infant, and whatever effect it may have had in other respects, if any, it could not operate to divest him of his title to the lands in question under his father's will. There was no error in excluding the paper, and the other exceptions in the case are not tenable.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.