---

(70 App. Div. 97.)

### KANENBLY et al. v. VOLKENBERG et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. DEEDS—GRANTEES—DESCRIPTION AS TRUSTEES—MERCHANTABLE TITLE.

Plaintiff's testator derived title to premises through a deed to "A. and C., trustees of the separate estate of E." No trust was declared in the deed. A., C., and E. joined in a deed to another for a nominal consideration, each executing the deed as an individual merely, and not as a trustee. Such grantee and his wife conveyed the premises to E., also for a nominal sum, and E. conveyed to plaintiff's testator for a full consideration. *Held*, that no trust was created by describing A. and C. as the persons who were trustees of E., and that the title of plaintiff's testator was merchantable.

2. SAME—HABENDUM.

In a deed where the names of the grantees are followed by the description "trustees of" a designated person, but in which no trust is created, the fact that the habendum is to them, "their successors and assigns," does not show that the conveyance was to them as trustees, and not as individuals.

Van Brunt, P. J., dissenting.

Submission of controversy between Herman F. Kanenbly and others, as executors of the will of August Kanenbly, and Albert Volkenberg and others, on agreed statement of facts, under Code Civ. Proc. § 1279. Judgment for plaintiffs.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George H. Hyde, for plaintiffs.
Augustus S. Hutchins, for defendants.

HATCH, J.   The plaintiffs by this submission seek to procure a
judgment compelling the specific performance by the defendants of a
contract of sale entered into between the plaintiffs and defendants of
certain premises on East Seventeenth street in the city of New York.
At the time and place agreed upon in said contract, the plaintiffs ten-
dered a deed of the said premises, which the defendants refused to ac-
cept, claiming that the same did not convey a marketable title.   The spe-
cific defect is claimed to exist in a certain deed by and through which
one Richard O'Gorman became vested with title to the premises.   On
June 2, 1856, the fee of the premises in question was vested in Peter
Stuyvesant and Benjamin R. Winthrop, as trustees of the separate
estate of Julia R. Stuyvesant, wife of Peter Stuyvesant, and upon the
above-mentioned day Stuyvesant and Winthrop, as said trustees, to-
gether with Stuyvesant and Julia, his wife, in their own right, con-
veyed the premises to Theophilus B. Persse and Robert Gillen,
"trustees of the separate estate of Margaretta Persse, wife of Dudley
Persse."   On February 29, 1860, said trustees and said Margaretta
Persse joined in a conveyance of the premises to Richard O'Gorman,
the consideration expressed therein being the sum of $1.   No in-
formation of any other or further consideration can be discovered.
The signature of the trustees to this deed is as individuals, and they
are not described as trustees.   On June 19, 1861, for a consideration
of $10, O'Gorman and wife conveyed the premises to the said Mar-
garetta Persse, wife of Dudley Persse, which deed was acknowledged
in April, 1864.   On June 4, 1864, Theophilus B. Persse and wife
quitclaimed these premises to Margaretta Persse for a consideration
of $10, and on May 1, 1868, Margaretta Persse, widow of Dudley
Persse, for full and valuable consideration ($26,050), conveyed the
said premises to the plaintiffs' testator, August Kanenbly, who held
the title to the same during his lifetime.   The plaintiffs were duly
appointed executors under said Kanenbly's will, which contained a
good and sufficient power of sale.

It is claimed by the defendants that the deed from Stuyvesant and
Winthrop, as trustees, to Persse and Gillen, trustees of the separate
estate of Margaretta Persse, wife of Dudley Persse, shows the exist-
ence of a trust, undisclosed as to its terms, and, as their subsequent
deed to Richard O'Gorman was for a nominal consideration only, it
must be presumed, in the absence of all other proof, that such convey-
ance was in violation of the terms of the trust, and consequently con-
veyed no title to the grantee therein.   This claim is based upon the
supposition that the words in the first deed, "trustees of Margaretta
Persse," are sufficient to show the existence of a trust, and that said
trustees took only the bare, naked, legal title, in consequence of which
they could only deal with the property founded upon a sufficient con-
sideration and in accordance with the terms of the trust.   It is stated
that the most diligent search fails to disclose the existence of any
trust estate created for the benefit of Margaretta Persse, and that the
only thing which appears, out of which is raised the existence of the
trust, is the language contained in the deed to Persse and Gillen,
which we have quoted.   It is noticeable that the recital is not to them
as trustees of anything.   The language in form is simply descriptive,

and if it be so construed, or is susceptible of such construction, then it would create no limitation upon the title in them, and they would take as individuals and an estate in fee. Of course, in order to reach this result all of the terms of the deed and the rules of law applicable thereto are to be considered. In modern construction of deeds, it is the office of the premises of the deed rightly to name the grantor and grantee, and to comprehend the certainty of the thing granted, and if the habendum clause may not be reconciled with the premises of the deed, so that full effect may be given both, the extent of the grant will be determined by the premises, and the habendum clause will be made to yield thereto. Clapp v. Byrnes, 3 App. Div. 284, 38 N. Y. Supp. 1063, affirmed in 155 N. Y. 535, 50 N. E. 277. It is clear that the language contained in the premises of the deed is in literal effect merely descriptive, and can easily be construed as such under well-settled authority. Towar v. Hale, 46 Barb. 361; Greenwood Lake & P. J. R. Co. v. New York & G. L. R. Co., 134 N. Y. 435, 31 N. E. 874; Pfeiffer v. Rheinfrank, 2 App. Div. 574, 37 N. Y. Supp. 1076; King v. Townshend, 141 N. Y. 358, 36 N. E. 513. The granting clause is "do grant, bargain, sell, alien, release, convey, and confirm unto the said parties of the third part, and to their successors and assigns, etc. * * *" The habendum clause reads "to have and to hold the above mentioned and described premises hereby granted and conveyed, or intended so to be with the appurtenances under the said parties of the third part, their successors and assigns, to their only proper use and benefit and behoof forever." There is nothing in any of these words which limit their estate. The authority is to hold to their successors and assigns. There is no particular significance attaching to the word "successors," in the absence of anything in the other part of the deed showing that a limited estate was granted, and the grant is to the assigns as well as the successors. The grantees in the deed from Persse and Gillen were the assigns of such party in strict legal signification; and under the authorities which we have cited, it is held that no peculiar signification attaches to the word "successors," in the absence of proof showing that a limited estate was granted. In the present case, taking all the language together, we think it clear that no trust was created, and that the words "trustees," etc., are to be regarded simply as descriptive, in the absence of all proof tending to show the existence of a trust estate. And, giving force and effect to the terms in the deed which authorized a conveyance to their assigns, we have an absolute compliance with the estate as granted. It is significant also that in the deed by Persse and Gillen they do not assume to execute the same as trustees of anybody. Their act is that of individuals, and is a circumstance to be considered in interpretation of the deed under which they took the estate. As, therefore, there was no declaration or language used in the deed from Winthrop and Stuyvesant to them which created a trust, or which showed that they took as trustees, there was no defect in the chain of title, and the plaintiffs are entitled to a judgment of specific performance. There is some authority for holding that the court may, in the absence of all proof as to the terms of the trust, presume the existence of an express trust, valid as such in its creation, and

thereby reach the conclusion that the trustee is vested with the whole estate, both in law and equity. People v. Stock Brokers' Bldg. Co., 49 Hun, 351, 2 N. Y. Supp. 113, affirmed by the court of appeals, on opinion below, 112 N. Y. 670, 20 N. E. 414, and cited with approval in Greenwood Lake & P. J. R. Co. v. New York & G. L. R. Co., supra. If under such circumstances a valid trust may be presumed, we think there is no violence done in making the further presumption that the trustee, in making a grant of the trust property, complied with the terms of the trust; and if this rule should be adopted in this case, it would result in holding that there was no defect in the title, as the presumption would be that the deed was made pursuant to the terms of the trust, and not in violation of it. We prefer, however, to rest our judgment upon the ground that the language of the deed did not create a trust estate in Persse and Gillen, but that they were vested with an absolute title in fee to the estate under the deed to them, and in consequence of which could convey good title. It follows that judgment should be awarded in favor of plaintiffs for the specific performance of the contract, with costs.

McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I dissent. I do not think that the submission is in any form which justifies the court in considering the alleged controversy. Questions are submitted to the court and according as it answers them it is to give judgment. There is no warrant for any such form of procedure in the Code. The parties must submit the facts to the court, and the court renders such judgment as the facts warrant; and this right cannot be limited by any consent or agreement of the parties to the submission. This was not done in the case at bar, and the submission is absolutely irregular.