ELIZABETH B. CASEY, Respondent, v. PHILIP F. KASTEL et al., Defendants, and UNITED STATES STEEL COR- PORATION et al., Appellants.

Infants — void and voidable acts thereof defined — sale by infant's agent voidable, not void — conversion, after avoidance by infant — transfer of stock in blank by infant to agent who sold it through other brokers — effect of disaffirmance of such transfer — liability of infant's agent and brokers who sold stock for him — corporation which had issued such stock not liable for transferring the stock to the bona fide purchaser and cancel- ing plaintiff's certificate — pleading — when form of complaint in action by infant to recover value of such stock in proper form.

1. An infant's appointment of an agent to sell goods is voidable, not void. (*Ely* v. *Ehle*, 3 N. Y. 506, 508; *Bool* v. *Mix*, 17 Wend. 119, 131, disapproved.) When the sale is voidable no tort is committed until after avoidance. The infant may then treat the refusal to deliver back the property or the proceeds as a conversion, except that, if the seller of goods has a voidable title thereto and the title has not been avoided at the time of the sale, the buyer acquires a good title provided he buys them in good faith, for value, and without notice of the seller's defect in title (Pers. Prop. Law, § 105); and, in particu- lar, the rescission of the transfer of a certificate of stock does not invalidate even a subsequent transfer by the transferee in possession to a purchaser in value, in good faith, and without notice. (Pers. Prop. Law, § 169.) But the conversion does not relate back so as to make the entire transaction void *ab initio*. This, the distinction between void and voidable, as applied to infants' contracts, forbids.

2. Plaintiff, an infant, sued to recover damages for conversion of her stock in a corporation. Plaintiff left the stock certificate with one of the defendants, with an assignment executed in blank; he sold it, acting as her agent or broker, without authority; she afterwards ratified the sale, but now disaffirms it. The other defendants are brokers who, it is claimed, were parties to the conversion because they, acting for the defendant who obtained the stock from plaintiff, sold the stock and guaranteed the signature of the infant, and the corporation, which is made a party because it transferred the stock on its books, canceled plaintiff's certificate and issued a new certificate to the purchaser. The sale which plaintiff afterward ratified but now disaffirms was voidable only and not void. Plaintiff transferred title

20

when she authorized or ratified the delivery of the certificate in blank (Pers. Prop. Law, § 162), but the right of an infant to disaffirm a transfer of stock is expressly reserved by the Personal Property Law (§ 163).

3. After plaintiff had disaffirmed the sale of her stock, her agent was bound to account to her for the conversion of the stock to the extent, at least, of the unpaid portion of the purchase price, which was the value of the stock which he retained. The brokers who made the sale for plaintiff's agent are also liable, not for a conversion growing out of a retention of the shares after notice of disaffirmance, but for an act of wrongdoing in meddling with and selling the property of another; for an interference with the dominion and right of property of plaintiff, the depriving her permanently of all rights therein. The execution of the assignment of the stock certificate in blank did not estop the infant from asserting title thereto. (*Union Trust Co. of Rochester* v. *Oliver*, 214 N. Y. 517, 523, distinguished.)

4. The corporation which issued the stock which was assigned by plaintiff to her agent is not in the same position as the defendants who sold her stock on her behalf. When it transferred the stock on its books to the ultimate purchaser and canceled plaintiff's stock certificate it did a valid act. It was not bound to inquire whether the transfer was voidable, for nothing put it upon inquiry. It did not assume the powers of the owner but acted merely as a conduit for the transfer of title. This is not conversion.

5. A contention that the form of the complaint was not proper in that it fails to state a prior disaffirmance of the sale is untenable. It was not necessary to plead the evidence of a conversion. The cause of action herein is one at law, the legal remedy is adequate and an action in equity to declare a rescission would not lie.

6. Plaintiff was not required under the circumstances to make a tender herein, before suit..brought. Plaintiff had spent the money which she had received from her agent on account. His note for the balance was worthless. In any event, he alone could insist on its return as a condition of disaffirmance and he does not complain. Nor was a prior disaffirmance by plaintiff necessary as to the brokers who sold the stock for plaintiff's agent. Plaintiff had received nothing from them and no substantial right would have been conserved by a prior disaffirmance of the transfer as to them.

*Casey* v. *Kastel*, 206 App. Div. 793, modified.

(Argued December 13, 1923; decided January 15, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered July 12, 1923, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

*William Averell Brown* and *Kenneth B. Halstead* for United States Steel Corporation, appellant. The steel corporation was never the owner or transferee of plaintiff's stock. It merely registered a transfer at the direction of the plaintiff and, therefore, never had a voidable title which could be disaffirmed by plaintiff. The only duty which the steel corporation owed the plaintiff was not to register an improper transfer of her stock, and having registered a transfer on plaintiff's direction contained in the blank assignment executed by her personally, and without notice of her infancy, and before receiving notice of the withdrawal of such direction, no negligence or wrongful dealing can be imputed to the steel corporation in registering the transfer. (*McCarthy* v. *Bowling Green S. & V. Co.*, 182 App. Div. 18; *Smith* v. *Nashville Ry. Co.*, 91 Tenn. 221.) It made no difference, so far as the liability of the steel corporation was concerned, whether the formal appointment of attorney to transfer the stock on the books of the corporation, contained on the back of the certificate, was void or voidable, as the transfer on the books could have been compelled without the intervention of such attorney. (*Cushman* v. *Thayer Mfg. Jewelry Co.*, 76 N. Y. 365; *Hale* v. *W. P. R. Sugar Co.*, 200 App. Div. 577.)

*Ellery O. Anderson* and *F. K. Pendleton* for Aymar Johnson et al., appellants. The facts proved do not constitute a conversion by and are insufficient to sustain such a cause of action against either the defendants Johnson & Wood or the United States Steel Corporation. (*Schummers* v. *Martin*, 115 Misc. Rep. 572; *Zulick* v. *Markham*, 6 Daly, 129; *Smith* v. *Nashville & D. R. Co.*, 91 Tenn. 221; *Carr* v. *Clough*, 26 N. H. 280; *Drude* v.

*Curtis*, 183 Mass. 317; *Crummey* v. *Mills*, 40 Hun, 370.) The plaintiff, because of her negligence and affirmative acts, is estopped from disputing, as against the defendants Johnson & Wood and the steel corporation who had received possession of the certificate of stock in good faith and without notice of plaintiff's infancy, the title or right of said defendants to sell or deliver possession of or to transfer said certificate to a third person. ( *Union Trust Co.* v. *Oliver*, 214 N. Y. 517; *Nat. Safe Deposit Co.* v. *Hibbs*, 229 U. S. 391; *Talcott* v. *Standard Oil Co.*, 149 App. Div. 694; *Moore* v. *Metropolitan Nat. Bank*, 55 N. Y. 41; *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325; *Zulick* v. *Markham*, 6 Daly, 129; *Kantor* v. *Cohen*, 98 Misc. Rep. 355; 181 App. Div. 400; *Carmen* v. *Fox Film Corp.*, 269 Fed. Rep. 928; *Gory* v. *Gerteken*, 2 Maddox, 40; *Smith* v. *Baker*, 42 Hun, 504.) The complaint should have been dismissed for the reason that it was not alleged or proved that plaintiff prior to the commencement of this action had ever disaffirmed and rescinded said agreement of March 21, 1918, made by her with Philip F. Kastel. (*Smith* v. *Ryan*, 191 N. Y. 452; *McNaught* v. *Equitable Life Assur. Society*, 136 App. Div. 774; *O'Donohue* v. *Smith*, 130 App. Div. 214; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *McCarthy* v. *Bowling Green Storage & Van Co.*, 182 App. Div. 18; *McGuckian* v. *Carpenter*, 16 A. L. R. 1473; *Mutual Milk & Cream Co.* v. *Prigge*, 112 App. Div. 652; *Sparandera* v. *Staten Island Garage, Inc.*, 117 Misc. Rep. 780.)

*Henry L. Sherman, Paul M. Herzog* and *Lionel S. Popkin* for respondent. Upon the facts as found all defendants are liable to plaintiff for the conversion of the certificate for 100 shares of the United States Steel Corporation preferred stock. (*Stafford* v. *Roof*, 9 Cow. 626; *Pease* v. *Smith*, 61 N. Y. 477; *Kilmer* v. *Hutton*, 131 App. Div. 625; *Page* v. *Clark*, 100 Misc. Rep. 395;

*Clarkson Home* v. *Missouri Co.*, 182 N. Y. 49; *MacDonnelly* v. *Buffalo L. & S. D. Co.*, 193 N. Y. 92; *Spencer* v. *Carr*, 45 N. Y. 406.) In the case at bar the infant is crippled from making a permanent bargain and likewise from contracting with an agent, employing him and giving him instructions. This is the settled law of this state. The infant cannot even engage an attorney. That must be done by her guardian. (*Fonda* v. *Van Horne*, 15 Wend. 631; *Bool* v. *Mix*, 17 Wend. 119; *Stafford* v. *Roof*, 9 Cow. 626; *Dexter* v. *Hall*, 15 Wall. [U. S.] 9; *Thomas* v. *Roberts*, 16 M. & W. 778; *Petrie* v. *Williams*, 88 Hun, 292; 153 N. Y. 671; Mechem on Agency, § 141; *Smith* v. *Baker*, 42 Hun, 504; *Spencer* v. *Carr*, 45 N. Y. 406; *Blakeslee* v. *Sinsepaugh*, 71 Hun, 412; *International T. B. Co.* v. *Connelly*, 206 N. Y. 188.) Plaintiff's acts while still an infant, even though such acts if committed by an adult might be construed as a ratification, are of no force against plaintiff, and the entire transaction is avoided by the bringing of this action. (*Henry* v. *Root*, 33 N. Y. 526; Williston on Cont. 456, § 235; *Lawrence* v. *Fox*, 20 N. Y. 268; *International T. B. Co.* v. *Connelly*, 206 N. Y. 188.) The infant was not required to make a demand or tender. (*Green* v. *Green*, 69 N. Y. 556; *Sparman* v. *Keim*, 83 N. Y. 245; *Pease* v. *Smith*, 61 N. Y. 477; *Tucker* v. *Moreland*, 10 Pet. 58; *Stafford* v. *Roof*, 9 Cow. 626; *Medbury* v. *Watrous*, 7 Hill, 110; *O. C. Bank* v. *Saunders*, 179 App. Div. 282; *Ochs* v. *Pohly*, 87 App. Div. 92; *Ranous* v. *Hughes*, 19 Misc. Rep. 46.)

POUND, J. Plaintiff, an infant when the action was begun, sued to recover damages for conversion of her stock in defendant United States Steel Corporation. The learned trial court found, in substance, that plaintiff left the stock certificate with defendant Kastel, with an assignment executed in blank; that he sold it, acting as her agent or broker, for $11,000, without authority; that she afterwards ratified the sale, but now disaffirms it.

The appellants are brokers doing business as the firm of Johnson & Wood who, it is claimed, were parties to the conversion because they, acting for Kastel, sold the stock and guaranteed the signature of the infant, and the steel corporation, which is made a party because it transferred the stock on its books, canceled plaintiff's certificate and issued a new certificate to the purchaser. No claim is made against the ultimate purchaser.

An infant may disaffirm a sale of chattels before majority. (*Stafford* v. *Roof*, 9 Cow. 626.) If the sale is void, no disaffirmance before suit is necessary.

The first question is whether the sale of the stock by Kastel as plaintiff's agent was voidable or void. The court below proceeded on the theory that it is the law of this state that an infant's appointment of an agent is void and that it follows that an infant cannot during minority ratify the act of one who assumes to act as her agent. The rule is stated, but by way of dictum only, in *Ely* v. *Ehle* (3 N. Y. 506, 508) as follows: " If an infant give or sell his goods and *delivers them with his own hands*, the act is voidable only; but if he give or sell goods, and the donee or vendee take them, by force of the gift or sale, the act is *void* and the infant may bring trespass." It is more definitely stated in *Bool* v. *Mix* (17 Wend, 119, 131) as follows: " The rule seems to be universal, that all deeds or instruments under seal, executed by an infant, are voidable only, with the single exception of those which delegate a naked authority; which are void. And even in relation to a power of attorney, PARKER, Ch. J., considered it a point of strict law, somewhat incongruous with the general rules affecting the contracts of infants, and that no satisfactory reason could be assigned for the exception." Williston on Contracts (Vol. 1, p. 444) states the rule as follows: " It has been asserted often and decided sometimes, that an infant's power of attorney or agreement to make another his agent is void; and especially a power or

warrant of attorney by an infant for the confession of judgment against him has been held void; as has any authority given by the infant to an attorney to represent him in court. Probably courts would still hold an infant unable to authorize a confession of judgment or to appoint an attorney for judicial proceedings; but there seems no reason except the antiquity of the rulings to that effect which can support the broad proposition that an infant's power of attorney or appointment of an agent is void; and generally, in recent cases, courts have been disposed to treat the creation of an agency by an infant, like other agreements made by him, as merely voidable. A ratification by an infant of an act done on his behalf but without his authority, stands logically on the same ground as an act originally authorized by an infant principal, and has been held binding." Notwithstanding numerous general statements in the books, sound principles compel the conclusion that no satisfactory distinction can be drawn between a sale and delivery by the infant and a sale and delivery by an agent for him. The sale of the stock by Kastel was voidable only and not void. Dicta and general statements to the contrary are no longer respectable authority. (*Coursolle* v. *Weyerhauser,* 69 Minn. 328, 332.)

When the sale of an infant's property is voidable, no tort is committed until after avoidance. The infant may then treat the refusal to deliver back the property or the proceeds as a conversion by those who have kept it intentionally or so intermeddled- with it as to interfere with the infant's dominion over it, except: " Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title " (Personal Property Law [Cons. Laws, ch. 41], § 105); and, in particular, the rescission of the transfer of a certificate of stock does

not invalidate even a subsequent transfer by the transferee in possession to a purchaser for value, in good faith, and without notice. (Personal Property Law, § 169.)

But the conversion does not relate back so as to make the entire transaction void *ab initio*. This the distinction between void and voidable as applied to infants' contracts forbids. The transfer of plaintiff's certificate by Kastel was valid when made (Personal Property Law, § 162), and is not made void *ab initio* by rescission. Until the disaffirmance by the infant, the authorized acts of the parties were not wrongful. The fiction of relation whereby, to prevent injustice, an act done at one time is considered to have been done at some antecedent period, should not be utilized to make those who deal with an infant's property tortfeasors as of a time when they did no wrong. The disaffirmance is retroactive only to the extent that thereafter the parties who have taken or intermeddled the infant's property are placed in the same position as if the transaction had not been authorized. They are guilty of conversion if they then refuse or fail to make restitution.

The infant transferred title when she authorized or ratified the delivery of the certificate indorsed in blank (Personal Property Law, § 162), but the right of an infant to disaffirm a transfer of stock is expressly reserved by Personal Property Law (§ 163). Kastel, after disaffirmance, was bound to account to the plaintiff for the conversion of her stock to the extent, at least, of the unpaid portion of the purchase price which was the value of the stock which he retained. Johnson & Wood are also liable. They are held, not for a conversion growing out of a retention of the shares after notice of disaffirmance, but for an act of wrongdoing in meddling with and selling the property of another; for an interference with the dominion and right of property of the plaintiff, depriving her permanently of all her rights therein. Plaintiff

made no binding representations to them and has not estopped herself from asserting a conversion against them. An infant arrived at years of discretion may be guilty of constructive fraud but plaintiff did not cheat defendant. No fraud in her was found by the trial justice but freedom from fraud was found. Nor was she guilty of negligence in indorsing the certificate to Kastel. Her signature to the assignment in blank of the certificate was nothing more than a voidable consent to the sale, contractual in its nature rather than tortious. *Union Trust Co. of Rochester* v. *Oliver* (214 N. Y. 517, 523), although it holds that the owner is estopped in such cases, does not hold that an infant is thus estopped from asserting her title to a stock certificate. It deals merely with the attributes of stock certificates in general. They sold her shares and guaranteed her signature to the assignment in blank. They took her certificate, dealt with it as Kastel's representatives and they stand in his shoes. Although she had once ratified the sale, when she disaffirmed it, she put them in the position of tortfeasors, acting for Kastel in consummating the sale of the stock by him. (*Holling* v. *Fowler*, L. R. 7 Eng. & Ir. App. 757; *Consolidated Co.* v. *Curtis & Son*, [1892] 1 Q. B. 495.)

The United States Steel Corporation is not in the same position as the defendants who sold the infant's stock on her behalf. When it transferred the stock on its books to the ultimate purchaser and canceled the infant's stock certificate it did a valid act. No statute as in *Merriam* v. *B. C. & F. R. R. Co.* (117 Mass. 241) made the transfer illegal. It acted under her authority without notice of her incapacity, in good faith and without negligence. It was not bound to inquire whether the transfer was voidable, for nothing put it upon inquiry. It received nothing and retained nothing for which it can be called upon to account. It appropriated no property to itself. It was an intermediary in a sale by others; a conduit for the transfer of title. It destroyed a muniment of title

merely and did not deprive the plaintiff of her rights in the stock itself, which exists apart from the certificate. (*Zander* v. *N. Y. Security & Trust Co.*, 178 N. Y. 208, 212.) It was guilty of no conversion after disaffirmance. Plaintiff might, with equal effect, have intrusted the certificate to a messenger to deliver to the purchaser. The messenger would have exercised no dominion over her property, done her no wrong, and made no gain and, even if she afterwards disaffirmed the sale, could not be placed in the position of a tortfeasor. While there is no definite test of conversion of universal application (*Bramwell B., Burroughes* v. *Bayne*, 5 H. & N. 296, 308), the courts have not gone so far as to say that the acts of a corporation in recording a voidable transfer of stock before avoidance amount to a conversion of the stock.

The transfer being voidable only and legal and valid when made, the corporation had no right to refuse a transfer. (*Smith* v. *Railroad*, 91 Tenn. 221, 239.) It could have been compelled by the purchaser by recourse to the proper remedy to make it. (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259, 264.)

It follows that the judgment should be reversed as to the United States Steel Corporation and affirmed as to the individual defendants unless as to them plaintiff proceeded erroneously in suing for a conversion based on a rescission without previously giving notice of disaffirmance. It is urged on their behalf that as no tort was committed until disaffirmance, no action should lie without a prior disaffirmance (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75, 82; *Smith* v. *Ryan*, 191 N. Y. 452, 456), and that the action itself cannot be made an essential element of the cause of action without introducing an anomaly which is fundamental and more than procedural in its character.

The right of an infant to avoid or rescind contracts made during his minority does not depend on his ability to restore the consideration or otherwise make restitu-

tion to the other party (*Green* v. *Green,* 69 N. Y. 553), but to the extent that he still has the consideration, the other party becomes entitled thereto. The plaintiff had received from Kastel $4,500 in cash, which she has spent, and she holds his worthless note for $12,500, on which he is credited with $2,000. She demanded judgment in her complaint for the market value of the stock at the time of conversion, but on the trial, the parties having waived the right to a trial by jury, she tendered back the note, established her inability to return the cash received, and asked and obtained judgment for the difference between the net amount realized on the sale of the stock and the amount paid to her by Kastel.

The form of the complaint is proper. It was not necessary to plead the evidence of a conversion. The voidable deed of an incompetent person may be avoided in an action of ejectment without resorting to equity, the complaint simply stating that the plaintiff was the owner in fee and entitled to the possession of the real estate therein described, and that the defendant unlawfully withheld possession thereof. (*Smith* v. *Ryan, supra,* 459.) The beginning of replevin has also been held to be a sufficient act of rescission (*Wise* v. *Grant,* 140 N. Y. 593, 596), but the general rule is that in law, in an action based on the prior rescission of a voidable contract, a tender before suit is necessary, although in equity, where the relief sought is rescission, it is sufficient to offer restoration in the complaint. (*Smith* v. *Ryan, supra,* 456.) The cause of action here is at law, the legal remedy is adequate and an action to declare a rescission would not lie. (*Schank* v. *Schuchman,* 212 N. Y. 352, 357.)

But the plaintiff should not be dismissed. " The law does not require an idle ceremony." (*Gould* v. *Cayuga Co. Nat. Bank, supra,* p. 81.) Tender of benefits was excused. The money she had spent. Kastel's note was worthless. In any event he alone could insist on its return as a condition of disaffirmance (*Stevens* v. *Austin,*

1 Metc. 557, cited with approval in *Gould* v. *Cayuga County Nat. Bank, supra*), and he does not complain. Notice of rescission where there is nothing to tender back may well be dispensed with where tender of benefits received might otherwise be insisted upon. Plaintiff had received nothing from Johnson and Wood. No substantial right would have been conserved by a prior disaffirmance of the transfer as to them.

The judgment should be reversed as to defendant United States Steel Corporation and complaint dismissed, with costs in all courts, and otherwise affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.