Jack Stanislaw, J.
Plaintiff moves for summary judgment in an action: (1) to cancel a deed of record, executed and delivered by plaintiff to her husband, the defendant herein, while she was a patient in the Central Islip Hospital; and (2) to impress a trust upon the property and any proceeds derived therefrom.
Plaintiff was voluntarily admitted to the hospital on April 15, 1964. At that time, and prior thereto, the property was owned by plaintiff and defendant as tenants by the entirety. On May 28, 1964, she executed the subject deed conveying her interest in the premises to defendant. She was never legally declared an incompetent. But at the time of the purported conveyance, she was receiving shock treatments for her illness and apparently had received such a treatment the day before executing the deed. She was discharged from the hospital on September 30, 1964, and continued to receive treatment as an outpatient until February 25, 1966. She claims she has no recollection of the execution and wás not informed thereof until October 21, 1967. The action, commenced shortly thereafter, is grounded in fraud, undue influence and failure of consideration.
On this motion, plaintiff relies primarily upon defendant’s failure to comply with General Order No. 10, made by the Commissioner of Mental Health of the State of New York (14 NYCRR part 22). The order provides, inter alia, (14 NYCRR 22.3) that mentally ill patients shall not be permitted to execute instruments affecting their property unless they are scrutinized by the director or officer in charge, who shall also interview the patient or cause him to be interviewed by a staff physician, for the purpose of determining the patient’s capacity to understand the nature and consequences of the transaction and willingness to execute the instrument.
Pursuant to subdivision 5 of section 7 of the Mental Hygiene Law the Commissioner is authorized to adopt rules and regulations governing the management of institutions regulated by that law, as he may deem necessary to promote the welfare of the. patients. Thus, an authorized officer of the hospital would have the right to prohibit the execution of the deed in question, if the proposed transaction had been called to his attention and the procedures provided for by General Order No. 10 were not followed. But we cannot hold that the deed in question is invalid, as a matter of law, because of noncompliance with the order.
*510 As a general rule, all deeds and contracts of a person of unsound mind, made after an inquisition and confirmation thereof, are absolutely void, until such time that he is authorized, by a court of competent jurisdiction, to assume control of his property (Hughes v. Jones, 116 N. Y. 67). But deeds of persons of unsound mind, not judicially declared incompetent, are not void but voidable (Smith v. Ryan, 191 N. Y. 452). Under the latter circumstances, a deed is invalid only when it has first been decided that the person executing it was, at the time of execution, so deprived of his mental facilities as to be wholly, absolutely and completely unable to understand and comprehend the nature and consequences of the transaction (Aldrich v. Bailey, 132 N. Y. 85). The determination of that issue, however, involves triable questions of fact.
Defendant’s affidavit states that the deed was executed at the plaintiff’s request “ to avoid legal complications and entanglements in the event she did not recover from her mental illness and was later declared mentally incompetent. ” Thus, by reason of the confidential relationship of the parties, the question arises as to whether plaintiff’s interest in the property should be deemed an equitable trust. That issue, too, as well as the issue of adequate consideration and ratification involves questions of fact which cannot be decided summarily. Although there are numerous presumptions raised by both sides in this lawsuit, none are conclusive. The motion, therefore, must be denied and the parties directed to proceed to trial.