ROBERT L. MORDECAI, an Infant, by ALLEN L. MORDECAI, his Guardian Ad Litem, Respondent, v. DYER PEARL and Others, Appellants.

*Infant — employing brokers in stock speculation — right to recover the margin paid.*

An infant deposited money with stock-brokers as a margin, upon the credit of which he engaged in a speculation in stocks, which resulted in a loss.

He never received any of the stocks from the brokers.

*Held*, that he might avoid the contract, and that, having repudiated the orders given by him, on the ground of infancy, he was entitled to recover his deposit in full.

Appeal by the defendants, Dyer Pearl, Eugene L. Mordecai and George C. Thomas, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 1st day of July, 1891, upon a recovery by the plaintiff of $2,300, and interest and costs, after a trial before a referee.

*W. D. Leonard*, for the appellants.

*A. J. Simpson*, for the respondent.

Per Curiam :

It is conceded by the appellants that the plaintiff, an infant, had a right to recover the money deposited by him with the appellant on his returning to the appellant all that he had received under the contract.

It does not appear, however, that the infant has received anything under this contract except the notices of the purchases and sales of the stock made by the defendants for his account. He certainly never received any of the stock alleged to have been purchased for him, nor the proceeds of the sales of any of the stock alleged to have been sold for his account; and as the notices of purchase and sale of stock do not appear to have been of any special value, it is difficult to see that any advantage would be derived by the defendants if he had returned or offered to return them.

The plaintiff, an infant, deposited with the defendants a sum of money belonging to him, and he now seeks to recover that sum of money. The defendants claim the right to retain it to satisfy an indebtedness, which they claim exists in their favor, arising out of

transactions in stocks, which they claim were authorized by the infant. The infant never received the stocks or their proceeds. He has received no benefit from any of the transactions made by the defendants for his account, and to ask him to return to the defendants stocks which have never been in his possession, but which have always been in the possession of the defendants, and been disposed of by the defendants, would be asking him to perform an impossibility.

As was said in *Green* v. *Green* (69 N. Y., 552) : "The right to rescind is a legal right established for the protection of the infant, and to make it dependent upon performing an impossibility, which impossibility has resulted from acts which the law presumes him incapable of performing, would tend to impair the right and withdraw the protection. Both upon authority and principle we think a restoration of the consideration could not be exacted as a condition to a rescission on the part of the defendant."

The case of *Heath* v. *Mahoney* (12 Week. Dig., 404) is an express authority for the proposition that, in the consideration of the rights of the parties to this action, the orders for the purchase and sale of stock given by the infant, having been effectually repudiated on the ground of infancy, they must be regarded, so far as they affect his legal rights, as though they never had any existence.

We think, therefore, that the judgment was right, and should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ.

Judgment affirmed, with costs.