MARY RICE, by EDWARD DEVINE, her Guardian ad Litem, Respondent, v. WILLIAM ALLEN BUTLER, Appellant.

1. INFANTS — BENEFIT HAD UNDER RESCINDED CONTRACT. The privilege of infancy is to be used as a shield, and not as a sword; and if the infant has had the benefit of a contract sought to be rescinded by him, he must account for the benefit or return its equivalent.

2. CONTRACT FOR PURCHASE OF BICYCLE ON INSTALLMENTS SOUGHT TO BE RESCINDED BY INFANT. Where an infant purchases and receives possession of a bicycle, at a price paid partly at the making of the contract and payable as to the remainder in future weekly installments, the title to pass upon the completion of the stipulated payments, and having used it for a time and paid the accrued installments returns the bicycle before fully paid for, and claims to rescind the contract and recover the amount paid thereon, the contract in its entirety must be held to be executory, but, in so far as the payments made are concerned, it is in a sense executed.

3. INFANT MUST ACCOUNT FOR USE OR DETERIORATION. In such case, the infant, having had the use of the bicycle between its purchase and return, must, in an action to recover from the vendor the amount paid on the contract, where there was no fraud on the part of the defendant in making the contract, account for the reasonable use of the bicycle or its deterioration in value.

4. VALUE OF USE EQUAL TO SUM PAID. In the absence of wanton injury to the bicycle, the value of its use is deemed to include the deterioration in value, and when it is duly found that the use equaled the sum which had been paid on the contract, the infant cannot recover the payments.

*Rice* v. *Butler*, 25 App. Div. 388, reversed.

(Argued October 12, 1899; decided November 21, 1899.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 18, 1898, reversing a judgment of the County Court of Onondaga county and the Municipal Court of the city of Syracuse in favor of the defendant, dismissing the plaintiff's complaint upon the merits.

The nature of the action and the facts, so far as material, are stated in the opinion.

The questions certified were as follows:

*First.* Is the contract of purchase in the above-entitled action, so far as the moneys paid upon said contract are concerned, an executed contract, and is the plaintiff unable to rescind said contract and recover back any moneys paid thereon by reason of said contract being an executed one, so far as the moneys actually paid in are concerned?

*Second.* Is the plaintiff, being an infant, and having paid money on her contract and enjoyed the benefits thereof, bound to respond to the defendant for the deterioration in the value of the property caused by her use of the same, and, where the deterioration is more in value than the moneys paid in, unable to recover back the consideration paid?

*Third.* Is the plaintiff, being an infant, and having received the property and used the same, bound to respond to the defendant for the use of said property by an application of the moneys paid in upon the contract, and where the rental value is more than the moneys paid in, unable to recover back the moneys paid in upon said contract?

*Fourth.* Is the plaintiff in this action, having received the wheel in question into her possession and used it and deteriorated it in value, obliged to apply the moneys paid in upon the contract of purchase towards either the use or deterioration, and, if she is unwilling to make such application, does the law make such application for her?

*Thomas Woods* for appellant. This action being one to recover money had and received, it is equitable in nature, and the rule that "he who seeks equity must do equity," applies.

(*Rathbone* v. *Stocking*, 2 Barb. 145 ; 1 Pars. on Cont. 332 ;
Schouler on Dom. Rel. § 446a.) It is necessary, upon an
infant's rescinding a contract, to place the party with whom
he makes the contract in *statu quo* so far as it is within the
infant's power. (Waite's Law & Pr. 72 ; *Gray* v. *Lessing-
ton*, 2 Bosw. 257 ; *Bartholomew* v. *Finnimore*, 17 Barb. 428 ;
*Hangen* v. *Hachmeister*, 17 J. & S. 34 ; *W. & W. M. Co.*
v. *Jacobs*, 21 N. Y. Supp. 1006 ; *Crummey* v. *Mills*, 40 Hun,
370 ; *Hall* v. *Butterfield*, 59 N. H. 354 ; *Heath* v. *Stevens*,
48 N. H. 251 ; *Cheshire* v. *Barrett*, 4 McC. 241 ; *Bingham*
v. *Barley*, 55 Tex. 281.) This contract, so far as payments
were made, was an executed contract, and the infant cannot
recover back money paid on an executed contract. ( *W. &
W. M. Co.* v. *Jacobs*, 21 N. Y. Supp. 1006 ; 1 Parsons on Cont.
322 ; *Crummey* v. *Mills*, 40 Hun, 370 ; *Bartholomew* v.
*Finnimore*, 17 Barb. 428 ; *Gray* v. *Lessington*, 2 Bosw. 257.)

*George F. Quinn* for respondent. An infant can rescind a
contract made for the purchase of an article which is not a
necessity. (*Green* v. *Green*, 69 N. Y. 553 ; *Kane* v. *Kane*,
13 App. Div. 544 ; *Jackson* v. *Brown*, 76 Hun, 41 ; Clark
on Cont. 228 ; *Price* v. *Furman*, 27 Vt. 268 ; *N. Y. B. L.
Co.* v. *Fisher*, 23 App. Div. 363 ; *Carpenter* v. *Carpenter*,
45 Ind. 142 ; *White* v. *Branch*, 51 Ind. 210 ; *Dill* v. *Brown*,
45 Ind. 109 ; *Allen* v. *Lardner*, 78 Hun, 603.) An infant is
only liable for a reasonable value for the necessaries of life at
the most. (*Pine* v. *Wood*, 145 Mass. 558 ; *Beardsley* v.
*Hotchkiss*, 96 N. Y. 210.) Evidence of the deterioration and
rental value for the use of the wheel was improper. (*Price*
v. *Furman*, 27 Vt. 268.) This is not an equity action for
money had and received. (*Patterson* v. *Brown*, 32 N. Y. 81 ;
*Minturn* v. *Seymour*, 4 Johns. Ch. 497.) The contract is not
an executed contract, as stated in the appellant's brief, but
must be considered in its entirety. (*C., etc., R. Co.* v. *W., etc.,
R. Co.*, 27 U. S. App. 1 ; *Cooper* v. *Allport*, 10 Daly, 352.)
The plaintiff is entitled to recover back the money she has
paid to the defendant. (*McCarthy* v. *Henderson*, 138 Mass.

310 ; *Chandler* v. *Simmons*, 97 Mass. 508 ; *Bartlett* v. *Drake*, 100 Mass. 174 ; *Walsh* v. *Young*, 110 Mass. 396 ; *Dube* v. *Beudry*, 150 Mass. 448 ; *Boody* v. *McKenna*, 23 Me. 517 ; *Morse* v. *Ely*, 154 Mass. 458 ; *Mordecai* v. *Pearl*, 18 N. Y. Supp. 543.)

HAIGHT, J.   The appeal in this case is based upon the certificate of the Appellate Division to the effect that questions of law are involved which ought to be reviewed by this court. The action was brought in the Municipal Court of Syracuse to recover the sum of $26.25, paid by the plaintiff, a minor seventeen years of age, upon a contract for the purchase of a bicycle.   The contract price was $45 ; $15 were paid upon the execution of the contract, and the remainder was to be paid in weekly installments of $1.25.   The plaintiff purchased the wheel in June and used it until about the 20th of September and then returned it to the defendant, asserting that she had been defrauded, and demanded repayment of the amount that she had paid upon the contract.   The defendant took the wheel, but refused to return the money, claiming that the use of the wheel and its deterioration in value exceeded the sum paid.   Upon the trial evidence was submitted on behalf of the defendant tending to show that the use of the wheel and its deterioration in value equalled or exceeded the amount that had been paid upon the contract.   The trial court found in favor of the defendant, thus establishing the fact that there had been no fraud on the part of the defendant in making the contract.

It is now contended that the contract was executory, and that being such the plaintiff had the right to rescind and recover back the amount paid.   The Appellate Division appears to have taken this view of the case, and has reversed the judgment.   The question thus presented may not be free from difficulty.   There are numerous authorities bearing upon the question, but they are not in entire harmony.   We have examined them with some care, but have found none in this court which appears to settle the question now presented.

We, consequently, are left free to adopt such a rule as in our judgment will best promote justice and equity. The contract in this case in its entirety must be held to be executory; for, under its terms, payments were to mature in the future and the title was only to pass to the minor upon making all of the payments stipulated; but in so far as the payments made were concerned the contract was in a sense executed, for nothing further remained to be done with reference to those payments. Kent, in his Commentaries (Vol. 2, page 240), says: "If an infant pays money on his contract and enjoys the benefit of it and then avoids it when he comes of age he cannot recover back the consideration paid. On the other hand, if he avoids an executed contract when he comes of age on the ground of infancy, he must restore the consideration which he had received. The privilege of infancy is to be used as a shield and not as a sword. He cannot have the benefit of the contract on one side without returning the equivalent on the other."

In the case of *Gray* v. *Lessington* (2 Bosw. 257), a young lady during her minority had purchased a quantity of household furniture, paying about half of the purchase price, and had given her note for the balance. She subsequently rescinded the contract and sought to recover the amount that she had paid. She had had the use of the furniture in the meantime, and it was held that she must account for its deterioration in value. Woodruff, J., in delivering the opinion of the court, says: "When it becomes necessary for an infant to go into a court of equity, to cancel her obligations, or regain the pledge given for their performance, seeking equity, she must do equity. Making full satisfaction for the deterioration of the property, arising from its use, is doing no more. Presumptively, she has derived from the use of the property a profit, or benefit, equivalent to such deterioration."

In the case of *Medbury* v. *Watrous* (7 Hill, 110) an action was brought by an infant to recover for services performed, of the value of $70. The defense was that the work was done in part performance of a covenant to purchase of the

defendant a house and lot for the sum of $600. He had not entered into the possession of the house and lot and had received no benefits from the purchase. It was held that he could rescind the contract, and, having received nothing under it, he could recover upon a *quantum meruit* for the work performed. BEARDSLEY, J., in delivering the opinion of the court, refers to the rule laid down by Chancellor KENT, and then to the case of *Holmes* v. *Blogg* (8 Taunt. 508), and says, with reference to the later case: "It was not shown what had been the value of the use of the premises demised, while the infant remained in possession. If that was less than the sum paid by him, it may well be that he ought to have recovered the difference." It will thus be seen that the cases to which we have alluded recognize the principle which we think ought to be applied to this case, and that is, that the plaintiff, having had the use of the bicycle during the time intervening between her purchase and its return, ought, in justice and in fairness, to account for its reasonable use or deterioration in value. Otherwise she would be making use of the privilege of infancy as a sword, and not as a shield. In the the absence of wanton injury to the property the value of the use would be deemed to include the deterioration in value, and, under the evidence in this case and as found by the trial court, the use equalled the sum paid. Our attention has been called to the cases of *Pyne* v. *Wood* (145 Mass. 558) and *McCarthy* v. *Henderson* (138 Mass. 310), but we think the rule suggested by us is more equitable and that they should not be followed.

The judgment of the Appellate Division should be reversed and that of the trial and County Court affirmed, with costs, and the second, third and fourth questions certified to us answered in the affirmative. An answer of the first question is not deemed necessary further than intimated in the opinion.

All concur.

Judgment reversed, etc.