PIERCE v. LEE.

(City Court of New York, General Term. December, 1901.)

INFANTS—CONTRACTS—RESCISSION.

An action by an infant to recover money given defendant to invest in stocks was properly dismissed where it was not alleged in the complaint nor proved that the money was not invested as directed, and that plaintiff did not receive the benefit thereof.

Appeal from trial term.

Argued before SCHUCHMAN and DELEHANTY, JJ.

M. A. Lesser, for appellant.

Samuel G. Adams, for respondent.

SCHUCHMAN, J. This action was brought to recover the sum of $1,150, claimed to have been delivered to the defendant by the infant plaintiff for investment in stocks to the credit of the plaintiff. Subsequently the plaintiff demanded said sum from the defendant.

There is no allegation in the complaint, nor any proof upon the trial, that the defendant did not so invest said money and deliver the stocks purchased to the plaintiff. The plaintiff should have alleged in his complaint and proved on the trial that the defendant had failed to invest the moneys as directed, or, having so invested it, that he received nothing from him. In the case of an executed contract, the infant can only rescind when he returns, or offers to return, whatever he has received under it. Crummey v. Mills, 40 Hun, 370; Manufacturing Co. v. Jacobs, 2 Misc. Rep. 236, 21 N. Y. Supp. 1006; Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703. For all that appears in this case the defendant did invest the money in stocks, and the infant plaintiff has received the benefit arising therefrom. The plaintiff relies upon the case of Mordecai v. Pearl, 63 Hun, 553, 18 N. Y. Supp. 543. In that case the rule stated above was upheld, but it was proven that the infant never received any benefit from the contract; in fact, he received nothing from the defendants except some notices of purchase and sale (mere memoranda of their alleged acts) of no possible value. Judgment appealed from affirmed, with costs.

Judgment affirmed, with costs.

DELEHANTY, J., concurs.