## PECARARO v. PECARARO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. INFANT—CONTRACT OF EMPLOYMENT—AFFIRMANCE—PRIOR INDEBTEDNESS—PROVISION FOR PAYMENT.

An infant affirming and suing on a contract of employment which provides that part of his wages shall be retained and applied on his prior indebtedness to his employer cannot recover such portion of his wages, whether the indebtedness was for necessaries or not.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Leone Pecararo against Peter Pecararo. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Joseph C. Kadane, for appellant.
George W. Simpson, for respondent.

BISCHOFF, J. The plaintiff, an infant, sues his employer for moneys due on the contract of employment, and his action is based upon his affirmance of that contract. As proven by acceptable evidence, the agreement provided for no greater payments than the plaintiff has received, the balance of the alleged agreed wages being held by the defendant as repayment of the infant's prior indebtedness to him.

How this indebtedness arose, whether for necessaries or not, is immaterial to the validity of this judgment; for the indebtedness was recognized by the infant, and that recognition is one of the terms of the contract upon which he sues. As to the moneys thus applied upon the indebtedness, the contract has been executed, and the infant, under his

agreement that the moneys should be so applied, has received payments for his services at the contract rate.

If his services were worth more, and if the contract may be disaffirmed, the disaffirmance must go to the whole contract; but the record discloses no proof of the value of the services, apart from the agreement, and the complaint proceeds upon the agreement alone. That agreement, as established, cannot be invoked to give the plaintiff any new rights for active assertion, in disregard of its terms. Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703.

Judgment affirmed, with costs. All concur.