(80 Misc. Rep. 510.)

DANZIGER v. IRON CLAD REALTY & TRADING CO.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. INFANTS (§ 31*)—CONTRACTS—DISAFFIRMANCE.

Plaintiff, when 16 years of age, contracted to purchase a share of defendant's stock for $100, paying weekly installments aggregating $67.80 by the time he was 18, when he elected to disaffirm, and notified defendant that he did so and wanted his money back, because he was dissatisfied with the management of defendant company. Held, that such notification was a sufficient disaffirmance; an infant not being required to give any reason for his refusal to longer carry out an agreement concededly voidable at his pleasure, exercised either before or within a reasonable time after arriving at majority.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 41, 46, 50–63; Dec. Dig. § 31.*]

2. INFANTS (§ 31*)—CONTRACTS—DISAFFIRMANCE—MONEY PAID—RECOVERY.
    Where an infant elected to rescind a contract to purchase stock, he
    was entitled to recover the money paid thereon at any time within the
    statute of limitations.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 41, 46, 50–63;
    Dec. Dig. § 31.*]

3. LIMITATION OF ACTIONS (§ 72*)—CONTRACT OF INFANT—RESCISSION—RE-
    COVERY OF MONEY PAID.
    Where an infant disaffirmed a contract to purchase stock in defendant
    company when he was 18 years of age, his right of action to recover
    money paid under the contract was not barred until 6 years after such
    disaffirmance.
    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§
    390–398; Dec. Dig. § 72.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Danziger against the Iron Clad Realty & Trading Company. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Nathan Kelmenson, of New York City, for appellant.

J. Klein, of New York City, for respondent.

GUY, J. [1] When the plaintiff was about 16 years of age, he entered into an agreement with the defendant, whereby he was to pay the defendant 35 cents per week until he had paid the sum of $100, at which time he was to receive one paid-up share of stock of the defendant. After he had paid to the defendant the sum of $67.80, and before he became of age, he refused to longer continue his payments, and demanded the return of his money. This was refused, and a registered letter was sent by defendant to the plaintiff, informing him that, according to the by-laws of the defendant, the money paid by the plaintiff would be forfeited unless he continued to make the stipulated payments until they amounted to the said sum of $100. About 2 years and 4 months after the plaintiff became of age, he brought this action to recover the sum paid to the defendant as aforesaid. The complaint was dismissed by the learned trial justice, substantially upon the ground that he had failed to disaffirm the contract before he became of age, and that there was no disaffirmance until this action was brought, which was not within a reasonable time after arriving at his majority. The court below said, regarding the alleged disaffirmance before the plaintiff became of age:

"He testified that he did not ask for his money back on account of his being under age, but because he was dissatisfied, as he said, 'with the management.'"

There is no doubt but at this time he demanded the return of the money paid by him, and repudiated his contract. We think this was a sufficient notification to the defendant that the plaintiff intended to disaffirm his contract, and we know of no decision which requires an infant to give any reason whatever for his refusal to longer continue

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to carry out an agreement, concededly voidable at his pleasure, either before or after arriving at majority. If he was called upon to give any reason, certainly dissatisfaction with the way the affairs of the corporation were conducted would seem to be a sufficient one.

[2] Having disaffirmed the contract, he could bring an action, and he is entitled to recover, unless the statute of limitations has run against his claim.

[3] At the time of the demand for the return to him of the money paid under his contract, the cause of action accrued, and then plaintiff was about 18 years of age. He would have 6 years from that time in which to bring an action, or until he was 24 years of age. Jagau v. Goetz, 11 Misc. Rep. 380, 385, 32 N. Y. Supp. 144; Hyland v. N. Y. C. & H. R. R. Co., 24 App. Div. 417, 48 N. Y. Supp. 416. As the plaintiff was but a few months over 22 years of age when this action was begun, the statute had not terminated his right of action, and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.