FRANK B. LOWN, Respondent, v. JOHN J. SPOON, Appellant, Impleaded with SUNNYFIELD NURSERY COMPANY, Defendant.

*Infant — contract — right to rescind — purchase of stock — practice — injunction — staying action at law pending decision in suit in equity.*

Appeal from an order of the Supreme Court, entered in the Dutchess county clerk's office on the 28th day of March, 1913.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice Morschauser at Special Term. Jenks, P. J., Carr, Rich, Stapleton and Putnam, JJ., concurred.

The following is the opinion delivered at Special Term:

MORSCHAUSER, J.: The preliminary objections raised by the defendant must be overruled. (Code Civ. Proc. § 416; *Daly* v. *Amberg*, 126 N. Y. 490.) The plaintiff claims that the defendant Spoon made a contract with him and that the plaintiff duly performed such contract upon his part and that the defendant Spoon only partially performed and later violated the contract upon his part. Plaintiff alleges that defendant was of full age and defendant Spoon, while not denying the fact of entering into a contract with the plaintiff, merely says that he was a minor at the time of making the contract, and, therefore, he should receive back from the corporation the amount he paid for the stock of the corporation. The purchase of the stock of the corporation was only a part performance on the part of the defendant Spoon of the contract which the plaintiff alleged he entered into with the defendant. The purchase of the stock was not the result of a dealing between the corporation and the defendant Spoon, but was an act on the part of the defendant Spoon which he had agreed with the plaintiff to perform as part and parcel of an agreement with the plaintiff. The validity of the purchase of this stock must be judged by the agreement made between the defendant Spoon and the plaintiff and their respective acts thereunder. Under all the circumstances justice requires a full and complete investigation of the rights of the parties concerned, and in order that such full and complete investigation may be had, it is necessary that a court of equity should intervene and that is all that plaintiff asks in this case. The cases cited by the learned counsel for the defendant do not apply to the question. No rule of law has ever permitted an infant to avoid a contract, of which he has enjoyed the benefit, and recover back the consideration paid on the attainment of his majority. (*Crummey* v. *Mills*, 40 Hun, 370; *Medbury* v. *Watrous*, 7 Hill, 110.) It has become the settled law in this State that the privilege of infancy may be used as a shield to protect the infant and not as a sword to inflict injuries upon another. If an infant has had the benefit of a contract sought to be rescinded by him, he must account for the benefit, or return its equivalent. (*Rice* v. *Butler*, 160 N. Y. 578; *Mutual Milk & Cream Company* v. *Prigge*, 112 App. Div. 652.) Kent, in his Commentaries (Vol. 2, p. 240), says: "If an infant pays money on his contract and enjoys the benefit of it

and then avoids it when he comes of age, he cannot recover back the consideration paid. On the other hand, if he avoids an executed contract when he comes of age, on the ground of infancy, he must restore the consideration which he had received. The privilege of infancy is to be used as a shield and not as a sword. He cannot have the benefit of the contract on one side without returning the equivalent on the other." Equity prohibits the undue advantage which would accrue to an infant and the great wrong which might be done to one innocently dealing with such infant, if such infant, especially if of sufficient age to appreciate the value of a contract, were permitted to recover back all that he had parted with and obtain all the advantages gained. "The jurisdiction of a court of equity by action to restrain proceedings in actions pending in courts of law, should be sparingly exercised, and only when other remedies are inadequate and the equities invoking its jurisdiction are apparent and strong. There is no hard and fast rule about it, and every case must depend largely upon its own circumstances." (*Norfork & N. B. H. Co.* v. *Arnold,* 143 N. Y. 268, 269.) It appears from the affidavit of the defendant Spoon that the contract which he seeks to rescind was actually made with the plaintiff herein. It also appears that the defendant has instituted an action in New York county against the Sunnyfield Nursery Company, a corporation, which he alleges is in fact the plaintiff. In this action he seeks to rescind a contract made for the purchase of the stock of the corporation and to recover back the sum of $1,000 paid for the purchase thereof. The sole ground upon which he seeks a rescission of this contract is, that at the time of making the contract he was an infant. The real party in interest, so far as relates to pecuniary loss by reason of any recovery by the defendant Spoon in this action against the corporation, is the plaintiff in this action and this appears from the affidavit of the defendant, who insists that the corporation is in fact the plaintiff and it is not disputed. This action is for injunctive relief and there does not appear to be any adequate remedy at law enabling the plaintiff to present his side of the question to the court, except in an action in equity wherein all the parties interested in the controversy may be heard, and substantial and complete justice be done. In order to thus proceed it is important that the defendant be enjoined during the pendency of this equitable action from prosecuting the action which he has commenced in New York county and which does not include all the parties interested so as to enable the court in that action to give consideration to all the matters which in justice should be considered. The motion is not for a stay, but for a temporary injunction, so that all the matters can be disposed of. In justice and in equity I believe that the injunction should be continued. Ordered accordingly.