## HAYWARD *v.* MONTERO.

*Infants — Contracts — Duty upon disaffirmance — Purchase of realty — Rights and liabilities upon disaffirmance.*

1. Where it is not feasible to put the other party *in statu quo,* failure to do so will not disable an infant from disaffirming a contract executed on both sides and suing to recover the consideration paid.

2. An infant after occupying a house under a contract of purchase, disaffirmed the transaction and sued for the return of the consideration paid. The seller set up a claim for use of the premises, for wear and tear in excess of ordinary wear and tear, and further alleged depreciation due to the fact that the house was no longer new. The verdict in favor of the infant was for the amount of the money paid minus the sum claimed by seller as reasonable rent. The infant consented to remit the further amount claimed for excessive wear and tear and the court rendered judgment in his favor for the balance. *Held:* That there was no error prejudicial to the seller.

(Decided December 20, 1920.)

ERROR: Court of Appeals for Hamilton county.

*Mr. John G. O'Connell; Mr. A. D. Shockley* and *Mr. Rogers Wright,* for plaintiff in error.

*Mr. Andrew W. Kops,* for defendant in error.

BY THE COURT. Bruno Montero is a Peruvian who resided in Cincinnati. He was less than twenty-one years of age, but Albert W. Hayward with whom he entered into negotiations for the purchase of a house was not aware of that fact. Montero bought a house from Hayward for $7,200, paying $500 in cash, assuming a mortgage for $4,000 and giving notes secured by a second mortgage for the balance. He occupied the house for

about ten months and then expressed himself as dissatisfied with the agreement, and a new contract was entered into whereby he forfeited all payments that he had made. Two months thereafter, on his becoming of age, he undertook to disaffirm both contracts, and brought an action to recover the payments which he had made.

Defendant denied that the plaintiff was an infant and set up the fact that the plaintiff had occupied the house in question and that a reasonable rent therefor was the sum of $50 per month, or $500 for the said term of ten months. He further alleged that during the occupancy the premises had been subjected to wear and tear in excess of ordinary wear and tear to the extent of $124.

The trial resulted in a verdict in favor of plaintiff for $457.67, the court having excluded the evidence in regard to the items of wear and tear.

The overruling of the motion for a new trial was conditioned upon the remittitur of that amount of the judgment. This was accepted by the plaintiff and judgment was rendered against the defendant.

The court left to the jury whether the house was a necessity or not, and further left to the jury whether the use and occupancy of the property was a necessity or not. He refused to give a special charge requested on behalf of the defendant, which is as follows:

"If the jury find that the contract was a fair and reasonable one made in good faith and for a full and adequate consideration and *fully executed,* that defendant did not know that plaintiff was an infant

and that plaintiff has had actual possession and use of the property, he is chargeable with the reasonable value of such use whether the same be a *necessity or not.*"

This charge is based upon the ruling in *Rice* v. *Butler,* 160 N. Y., 578.

Much of the argument here was devoted to the question of the liability of an infant for the use of property, regardless of whether it is a necessity or not. The verdict shows that the jury found that the use of the property was a necessity, though Hayward claimed that he was not required to prove it, and, therefore, it becomes immaterial whether that part of the charge was correct or not.

The further question growing out of the extraordinary use or misuse of the property likewise becomes immaterial by reason of the remittitur.

It is contended, however, that the property was less valuable after it had been returned by reason of the fact that it was no longer a new house, and it is sought to charge the infant with liability for that also. The argument is based upon the rulings that an infant cannot disaffirm a transaction executed on both sides unless he can and does put the other party *in statu quo.* Such is not the law in Ohio. *Lemmon* v. *Beeman,* 45 Ohio St., 505, and *Prudential Ins. Co.* v. *Fuller,* 9 C. C., N. S., 441. See also note 52 L. R. A., N. S., 723, and 1 Williston on Contracts, Section 238.

It is obvious that if the plaintiff can disaffirm the first contract, he can also disaffirm the later one, made before attaining his majority.

The result reached is correct and the judgment will be affirmed.

*Judgment affirmed.*

SHOHL, P. J., HAMILTON and CUSHING, JJ., concur.