NICHOLAS SPARANDERA, an Infant, by GABRIELE SPARANDERA, his Guardian ad Litem, Plaintiff, *v.* STATEN ISLAND GARAGE, INC., Defendant.

(Municipal Court of the City of New York, Borough of Richmond, June, 1921.)

*Contracts — infant on disaffirmance of executed contract for purchase of an automobile must restore what he received under the contract — restoration only in part — must account for reasonable use of vehicle including deterioration in value — an alleged assignment of all rights of the seller under the contract and chattel mortgage given on the sale, unsupported by proof, must fail — complaint dismissed.*

ACTION by infant for return of money paid on account of purchase of automobile.

Prosper R. Ferrari, for plaintiff.

Joseph B. Handy, for defendant.

WEDEMEYER, J. Plaintiff seeks to recover in this action the amount of moneys paid by him, upon a certain contract entered into between the parties hereto, on September 29, 1920, wherein plaintiff, then an infant over twenty years of age, agreed to purchase a certain motor vehicle known as a Ford runabout, together with certain accessories appurtenant thereto.

The contract price, including war tax, freight and fuel, was $524.88, and the amount of the accessories purchased, including charges for fire and theft insurance, covering said automobile for one year, was $181.34, or a total purchase price of $706.22. On this last mentioned amount plaintiff paid to the defendant the sum of $235.46 on September 29, 1920, the date of the delivery of automobile and accessories in question; and for the balance of said purchase price, amounting to $470.76, plaintiff executed and delivered to defendant his twelve certain promissory notes in writing, each for the sum of $39.23, the payment of which was secured by a chattel mortgage given by plaintiff to defendant upon the said automobile.

Subsequently at the office of the Commonwealth Finance Corporation, at 100 Broadway, borough of Manhattan, plaintiff paid three monthly instalments of $39.23 each, during the latter part of the months of October, November and December, 1920, in payments of notes then due, aggregating the sum of $117.69. The amount, time and place of each payment made by the plaintiff were in accordance with his paper writing evidenced by defendant's exhibit C.

It is conceded that plaintiff purchased from and paid the sum of $5 to the defendant for a new horn for his automobile. The total payments made by plaintiff under his contract, including the horn,

amount to $358.15. The automobile from the date of its purchase on September 29, 1920, to February 28, 1921, a period of five months, was in the possession of plaintiff. By the undisputed allegations contained in the complaint it appears that prior to the commencement of this action plaintiff rescinded the contract under consideration and demanded the return of the amount of moneys paid on account thereof, and tendered the said automobile to defendant, which demand and tender were refused by the latter; and it further appears in the complaint, undenied by answer, that at the time of the disaffirmance of the contract " plaintiff duly notified defendant that at the time of the making of said contract of purchase that he was an infant and that he elected to rescind the said alleged contract and that he deemed the same void."

Defendant resists plaintiff's claim for a recovery herein, as disclosed by its answer, upon the following grounds:

(a) That plaintiff is estopped from pleading his infancy on the ground of his written representation made to the defendant that he was twenty-one years of age;

(b) That an infant cannot recover upon an executed contract; and

(c) That at the time plaintiff tendered the automobile to defendant it had deteriorated in value, and was not of the same value as when sold to the plaintiff; and that the reasonable value of the use of said property from the time of the sale thereof on September 29, 1920, to the tender made as aforesaid, was $500, an amount which is in excess of the sum paid by plaintiff on the contract in question.

With reference to the first alleged defense urged by the defendant that the plaintiff is estopped from pleading his infancy because he represented in a certain written or printed statement, given for the pur-

pose of securing credit in connection with plaintiff's purchase of the property aforesaid from the defendant, that he was twenty-one years of age when he signed it, cannot be supported in the case at bar. The doctrine of estoppel is rarely if ever applied to infants. The action at bar is on contract, not in tort. There is no allegation or suggestion of false representation or fraud in the complaint, except that the defendant in its answer sets forth that the plaintiff represented in writing his age as being twenty-one years. In the case of *International Text Book Company* v. *Connelly,* 206 N. Y. 188, at foot of page 196, Judge Vann, writing the opinion for the court, stated, which applies with equal force in this case, as follows: '' While an infant is liable for his torts the action must rest solely on the wrong committed by him. The complaint in this action rests wholly on the written contract which is set forth at length,'' and the fact that the written statement contains the representation as to age '' with neither allegation nor proof that it was made with intent to defraud, does not ' fix the character of the action as one *ex delicto.'* (*Sparman* v. *Keim,* 83 N. Y. 245.) It is well settled in this state that in an action upon a contract made by an infant he is not estopped from pleading his infancy by any representation as to his age made by him to induce another person to contract with him. (*Studwell* v. *Shapter,* 54 N. Y. 249; *N. Y. Building Loan Banking Co.* v. *Fisher,* 23 App. Div. 363; *Brown* v. *McCune,* 5 Sandf. Super. Ct. 224.)''

The remaining questions, presented by the defendant in his answer, will be considered together. The courts of this state have held that a contract such as in this case in its entirety must be held to be executory; for, under its terms, payments were to mature in the future. In so far as the payments made are concerned the contract was in a sense executed for

nothing further remained to be done with reference to those payments. *Rice* v. *Butler,* 160 N. Y. 578, 582. In the case of *Beardsley* v. *Hotchkiss,* 96 N. Y. 201, 211, it is stated: " It may now be regarded as the settled doctrine that the contracts of an infant are not absolutely void, but only voidable. As to contracts purely executory it must be shown that the infant ratified them after he became of age before they can be enforced against him. As to contracts executed, such as deeds of land or conveyances of personal property, they will generally be deemed to be ratified, and will thus become just as valid and effectual as the contracts of an adult, unless they be disaffirmed by the infant before he arrives at age, or within a reasonable time thereafter." See, also, *Chapin* v. *Shafer,* 49 N. Y. 407; *Sparman* v. *Keim, supra.*

It is thus settled in this state that an infant may rescind an executed contract made by him either during minority or within a reasonable time after he arrives of age, and need give no reason for his refusal to continue to carry out an agreement made by him. *Danziger* v. *Iron Clad Realty & Trading Co.,* 80 Misc. Rep. 510.

The contract in the case at bar was voidable and the plaintiff rescinded it as he had a right to do. The right of an infant to avoid or rescind contracts is based on the incapacity to contract. However, where an infant disaffirms his contract, as in this case, he must restore or offer to restore to the party with whom he contracted what he received thereunder. *Rice* v. *Butler, supra; Lown* v. *Spoon,* 158 App. Div. 900; *Mutual Milk & Cream Co.* v. *Prigge,* 112 id. 652, 653; *Pierce* v. *Lee,* 36 Misc. Rep. 870, and *Crummey* v. *Mills,* 40 Hun, 370. In the case of *Lown* v. *Spoon, supra,* the court stated: " It has become the settled law in this State that the privilege of infancy may be

used as a shield to protect the infant and not as a
sword to inflict injuries upon another. If an infant
has had the benefit of a contract sought to be rescinded
by him, he must account for the benefit or return its
equivalent. * * * Kent, in his Commentaries (Vol.
2, p. 240) says: ' If an infant pays money on his con-
tract and enjoys the benefit of it, and then avoids it
when he comes of age, he cannot recover back the con-
sideration. On the other hand, if he avoids an exe-
cuted contract when he comes of age, on the ground
of infancy, he must restore the consideration which
he had received. The privilege of infancy is to be
used as a shield and not as a sword. He cannot have
the benefit of the contract on one side without return-
ing the equivalent on the other.' ''

It is conceded that upon the disaffirmance of con-
tract by plaintiff he tendered the automobile to
defendant but failed to restore or offered to restore
the tire and tube and such amount of fuel as were
delivered to him by the defendant at the time of the
making of the agreement aforesaid. The evidence
indicates that plaintiff had possession of the property,
which was the subject of the contract, from September
29, 1920, to February 28, 1921, during which time the
plaintiff used the automobile. It is manifest that the
use of the automobile must have greatly deteriorated
its value. " Making full satisfaction for the deterio-
ration of the property arising from its use, is doing no
more. Presumptively, he derived from the use of the
property a profit, or benefit, equivalent to such
deterioration." *Gray* v. *Lessington*, 2 Bosw. 257.
As the plaintiff has received the benefit of the con-
tract, having had the use of the property in question,
during a period of five months, he must, in view of the
doctrine now well recognized in this state, account for
its reasonable use or deterioration in value. Other-
wise, he would be making use of the privilege of

50

infancy as a sword, and not as a shield. In the absence of wanton injury to the property the value of the use would be deemed to include the deterioration in value. *Rice* v. *Butler, supra*. In addition to the cases previously cited this principle is also supported in *Wheeler & Wilson Manufacturing Company* v. *Jacobs*, 2 Misc. Rep. 236, and *Wanisch* v. *Wuertz*, 79 id. 610.

Under the uncontradicted evidence in this case it appears that the reasonable value of the use of the automobile during the time intervening between the purchase of the property and its return, was $375, which is at the rate of $75 per month for five months, which total sum not only equaled but also exceeded the amount which plaintiff paid on account of the purchase price. Furthermore it appears uncontradictedly that the automobile had materially depreciated in value, and that the total value of all property tendered by plaintiff was only $250. Deducting this last mentioned amount from the total purchase or contract price of $706.22 leaves the sum of $456.22, representing the depreciation of the property in question. This latter amount also exceeds the total payments made by plaintiff on account of the contract.

It is claimed by the plaintiff that no allowance for the value of the deterioration or reasonable value of the use of the automobile should be made in favor of the defendant as against the plaintiff, upon the ground that the plaintiff had no use of the automobile nor derived any benefit therefrom. Plaintiff testified that he had used the automobile but four or five times and that when in use he claimed that " it wasn't running right." Of this condition plaintiff notified defendant. There is no evidence, nor does the plaintiff assert, that the automobile was mechanically defective in any respect.

Plaintiff is not an automobile mechanic and was

unable to assign any reason for the condition he complained of. However, it appears from the testimony of Hansen, an employee and witness for the defendant, that plaintiff informed him on two or three different occasions that the automobile was not " running," but that after each inspection he found nothing the matter with the mechanism of the automobile; witness further testified that when he drained the oil from the motor and replaced it with the grade of oil suitable for that type of motor, he could always start it without any trouble. Plaintiff had been informed of the grade of oil that should be used in the motor. The oil used by the plaintiff in his motor was " too heavy," which appears to be the only reason assigned for the automobile not " running," as plaintiff claimed. Thus, it appears that the matters complained of were not occasioned through any fault of the defendant. In view of the facts aforesaid, plaintiff's contention is not well founded.

Furthermore, it is contended by the plaintiff that the defendant, on September 29, 1920, transferred to the Commonwealth Finance Corporation, all its right, title and interest in and to the contract and chattel mortgage in question, and that by reason thereof this defendant is not now in a position to seek an allowance for the value or the deterioration or use of the automobile. This contention as to the assignment is not supported by any legal proof. A careful review of the evidence in this case fails to disclose any assignment of the matters referred to by the plaintiff prior to the commencement of this action, or at any time. The mere fact that three payments were made by plaintiff at the office of the Commonwealth Finance Corporation does not establish an assignment. In the absence of proof it is presumed that such payments were made for the benefit of the defendant and pursuant to the terms set forth in defendant's Exhibit C,

which is in effect a promissory note for $470.76, payable in monthly instalments of $39.23 each. The indorsement on the back of the last mentioned exhibit is not an assignment of defendant's rights acquired under the contract and chattel mortgage made with the plaintiff. Furthermore, no assignment of the character asserted by plaintiff is conceded by defendant; and in the absence of any proof of the assignment as alleged aforesaid the presumption is that the rights acquired by the defendant under the contract and chattel mortgage aforesaid are still vested in the defendant, and by reason thereof this defendant is now in a position to assert his claim for an allowance for the value of the deterioration or use of said automobile during the period the infant had possession of said property.

When the aforesaid indorsement was made, whether before or after the commencement of this action, does not appear; nor is it apparent from the evidence whether the said promissory note, with the indorsement thereon, was ever delivered to any party by the defendant, and if so the time of such delivery does not appear. Furthermore assuming, but not finding, that defendant's Exhibit C was indorsed and transferred over to the Commonwealth Finance Corporation on September 29, 1920, such transfer would only operate as an assignment of the rights of the defendant which it then had in and to the said promissory note, but would not operate as an assignment of the rights of the defendant acquired under the contract or chattel mortgage. In the absence of proof respecting the matters herein referred to, the claim of the plaintiff herein made with respect to the alleged assignment must fail.

In view of the authorities hereinbefore cited and the findings of the court made herein, it must follow that the complaint should be dismissed.

Judgment accordingly.