A. F. WINEGAR MOTOR CORPORATION, Respondent, *v.* HARRY CHARLES COOKE, G. E. PATTERSON, M. O. BULSON, E. R. SHIRLEY (First Name Unknown), Appellants.

Supreme Court, Erie County, July 24, 1929.

*Jay T. Barnsdall,* for the plaintiff.

*Vincent J. Loughlin,* for the defendant Harry Charles Cooke.

*Kent Christy,* for the defendants Bulson and Shirley.

HINKLEY, J. The plaintiff sued the above-named four defendants upon a promissory note. By stipulation the action against the defendant Patterson was discontinued.

The defendants Bulson and Shirley answered generally, admitting the making of the note by them, but alleging that the note as to them was executed without consideration, and that the defendant Cooke, an infant, had disaffirmed and returned the consideration, and further alleged its acceptance by the plaintiff.

The defendant Cooke answered by setting up infancy and disaffirmance of the contract, the return of the consideration and its acceptance by the plaintiff. He also set up a counterclaim for the return of the money paid by him upon the purchase price, and asked reimbursement for repairs made upon the automobile.

The lower court rendered judgment against the defendants Bulson and Shirley for the balance due upon the note, dismissed the complaint as against the defendant Cooke, and denied the latter's counterclaim.

The lower court was not required to sign and did not sign findings of fact and conclusions of law. At the end of the extended study which such a situation demands, this court cannot in any way reconcile the decision of the lower court with the facts and the law applicable thereto.

The following salient facts are without dispute:

By a written conditional sales contract the plaintiff sold to the defendants Cooke, Patterson, Bulson and Shirley a used automobile. The instrument is dated April 12, 1927, and provided for a down payment of $50. All four defendants signed a promissory note for the balance of the purchase price. The note was dated April 14, 1927, for the amount of $424.40, payable in installments. The defendant Cooke was an infant until after the commencement of the action. There was paid upon the original contract the sum of $50 and an aggregate upon the note of $270. By letter dated August 29, 1927, the defendant Cooke offered to settle the account by returning the automobile. This offer was not accepted by plaintiff. On January 23, 1928, the day before the service of the summons upon him, the defendant Cooke returned the automobile to an officer of the company and delivered the keys to the plaintiff's treasurer. The record is devoid of evidence to rebut the acceptance of the automobile by plaintiff.

By its decision the lower court must have erroneously found that the defendant Cooke was the sole purchaser of the automobile; that as an infant he disaffirmed the contract, returned the automobile, and that the deterioration or use of the automobile equalled or exceeded the amount of the purchase price paid by him, but that the other two defendants were still liable for the balance of the note.

The decision follows *Rice* v. *Butler* (160 N. Y. 578), except that its major premise and its final conclusion are erroneous. For if the defendant Cooke was primarily liable and the liability of the other defendants was secondary, then the release of the former automatically discharged the latter. (Neg. Inst. Law, § 201.)

The lower court must have found that the defendants Bulson and Shirley were not the purchasers of the automobile, for if purchasers they were released by the acceptance of the automobile by plaintiff and its failure to resell, more than one-half of the

purchase price having been paid. (Pers. Prop. Law, § 80-c, added by Laws of 1922, chap. 642.)

On the contrary, all four of the defendants were purchasers of the automobile and makers of the note. They were all jointly and severally primarily liable upon both the conditional sales contract and the note. Each one of the four saw fit to sign the contract and the note individually. The plaintiff sued upon the note, and parol evidence, if any had been offered, would have been inadmissible to relieve the signers of their individual liability. (*Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 528, 537.)

No appeal was taken by plaintiff from that portion of the judgment dismissing the complaint as against the defendant Cooke. The judgment of the lower court thus remains to the effect that the defendant Cooke was a purchaser of the automobile, and as an infant had disaffirmed his contract and returned the consideration. Upon that undisturbed finding there is sufficient evidence to find that the value of the use of the automobile, which is deemed to include the deterioration of value, was equal to the sum paid. (*Rice* v. *Butler*, 160 N. Y. 578, 583.)

There is not sufficient ground to disturb the judgment of the lower court dismissing the counterclaim of the defendant Cooke.

The evidence upon the question of the acceleration of the note is not in any way satisfactory. In view of the fact that a new trial is to be ordered, that question can then be more clearly presented.

The action was tried and judgment rendered upon the theory that the defendants Bulson and Shirley were not purchasers of the automobile. As above indicated, they were joint purchasers with the defendant Cooke. The judgment rendered in favor of the plaintiff against the defendants Bulson and Shirley must be reversed and a new trial granted to determine the rights and obligations of the plaintiff and the defendants Bulson and Shirley as vendor and purchasers, respectively.

Judgment may be entered in accordance with this memorandum, with costs to the defendants Bulson and Shirley to abide the event.