EDWARD SCHROEDER, Plaintiff, *v.* RODNEY HITT and Others, Copartners, Doing Business as HITT, FARWELL & Co., Defendants.

First Department, October 28, 1932.

*Alfred Ekelman,* for the plaintiff.

*Roger Hinds* of counsel [*Clark, Reynolds & Hinds,* attorneys], for the defendants.

SHERMAN, J. On three occasions — as appears from the submission of controversy to this court in the first instance — plaintiff, an infant, directed defendants, who were stockbrokers, to purchase shares of stock during what has been described as "a time when American stocks and other securities were selling at grossly inflated prices on all the exchanges of the world." (*Joseph* v. *Schatzkin,* 259 N. Y. 241, 242.) The securities so purchased were delivered to plaintiff who paid defendants therefor. Then came the period of declining prices and plaintiff, while still an infant and also shortly after he had attained his majority, notified defendants that he "rescinded his purchases." Not having disposed of the purchased shares, he tendered them to defendants and demanded the return of the moneys which they had received from him. Their refusal to comply with this demand gave rise to this controversy.

The defense seems to consist of a claim that inasmuch as defendants had paid over the moneys to undisclosed sellers and had actually profited only to the extent to which their commissions formed a part of the amounts paid out by plaintiff, they are not liable (except possibly to return these commissions) because they carried out the orders given to them by the infant.

We can find no merit in this contention. Defendants were the ones with whom plaintiff directly dealt. They received the moneys from him under a contract which was voidable when made. The law has with a great solicitude for the interests of infants thrown about them a protecting arm and accords to them the privilege to plead their incapacity if they desire to escape from compliance with or the results of a contract. (*Continental National Bank* v. *Strauss*, 137 N. Y. 148, 153.) There would be no, or very scant, protection to the infant if he could not recover from an agent the amount which the agent got from him, merely because the agent, in the discharge of his contract with the infant, has passed the moneys on to some one else.

We have been referred to no case in this State even tending to hold that an agent because he has executed an infant's directions and in so doing delivered the infant's property to another is exempt from the necessity of restoring the property to the infant after rescission. What defendants did with the infant's money is really immaterial; it is sufficient that they received it under a voidable arrangement.

Upon tendering the purchased shares, the plaintiff clearly became entitled to recover the moneys paid by him to defendants. (*Joseph* v. *Schatzkin*, 259 N. Y. 241; *Casey* v. *Kastel*, 237 id. 305; *Mordecai* v. *Pearl*, 63 Hun, 553; affd., 136 N. Y. 625.)

Judgment is directed in favor of plaintiff against defendants in the sum of $990.51, with interest on $437 thereof from March 19, 1930; on $281.26 thereof from May 7, 1930, and on $272.25 thereof from June 18, 1930, but without costs under the stipulation.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment directed in favor of plaintiff against defendants in the sum of $990.51, with interest on $437 thereof from March 19, 1930; on $281.26 thereof from May 7, 1930, and on $272.25 thereof from June 18, 1930, but without costs under the stipulation. Settle order on notice.