AUGUSTINE ICOVINO, an Infant, by PHILOMENA ICOVINO, Her Guardian ad Litem, Plaintiff, *v.* MARGUERITE HAYMES, Defendant.

Municipal Court of the City of New York, Borough of Richmond, January 26, 1948.

*Sidney Sigelman* for plaintiff.

*Joseph L. Paradise* for defendant.

BAKER, J. On October 23, 1946, plaintiff, then an infant of the age of sixteen years, entered into a contract with defendant for a course of instruction in voice consisting of thirty-six lessons to be completed in twelve weeks. At the time of the signing of the contract, she paid to defendant the sum of $250. Having received fourteen of the lessons, plaintiff disaffirmed the contract. She seeks in this action to recover the consideration paid upon the ground that she was a minor at the time the contract was made and that she has elected to disaffirm.

Defendant resists the claim upon the grounds (1) that plaintiff neither returned nor offered to return benefits received under

the contract and (2) that defendant, in reliance thereon, retained and paid for the services of a teacher of voice, reserved time for this plaintiff thereby sustaining loss, and incurred other necessary expense in connection with the transaction.

There is evidence sufficient to support a finding that defendant expended the sum of $180 for the services of an instructor retained in connection with plaintiff's contract and that her profit on the contract, after deduction of normal " overhead ", would be approximately $50. Defendant maintains that, as a condition to the exercise of her right to disaffirm, plaintiff was bound to tender the cost incurred by defendant in performing her part of the bargain and that, in any event, recovery should be limited to an amount equal to the difference between such cost and the consideration paid.

The rule stated in *Rice* v. *Butler* (160 N. Y. 578) to the effect that if an infant has had the benefit of a contract sought to be rescinded by him he must account for the benefit or return its equivalent in value, has been followed with approval in many cases since decided in the courts of this State. It is settled law that an infant may not disaffirm an executed contract, recover the consideration paid, and at the same time retain tangible benefits received thereunder still remaining in his possession. (*Sparandera* v. *Staten Island Garage, Inc.*, 117 Misc. 780; *Wolf* v. *Vim Electric Co.*, 24 N. Y. S. 2d 643; Williston on Contracts [Rev. ed.], § 238.)

However, as stated by POUND, J., writing for the unanimous court in *Casey* v. *Kastel* (237 N. Y. 305, 314–315) " The right of an infant to avoid or rescind contracts made during his minority does not depend on his ability to restore the consideration or otherwise make restitution to the other party (*Green* v. *Green*, 69 N. Y. 553), but *to the extent that he still has the consideration*, the other party becomes entitled thereto." (Emphasis supplied.) Here is recognition of the continuing validity of the rule that a minor who has lost or squandered, or who no longer possesses what he received under a contract made during minority, may nevertheless disaffirm it and recover what he paid or gave or its equivalent in value. (See, also, *McCarthy* v. *Bowling Green Storage & Van Co.*, 182 App. Div. 18, 21, 22; *Wyatt* v. *Lortscher*, 217 App. Div. 224, 227.)

In the instant case, the nature of what the plaintiff has received and what defendant gave under the contract is such that it cannot be returned. Obviously, she cannot return or surrender the knowledge, if any, acquired by her as a result of the instruction; and, in any event, the value of the benefit received under the contract, assuming the instruction to have been bene-

ficial, is incapable of measurement in terms of money. I know of no authority which would permit the court to measure or calculate the presumed benefit by the yardstick of defendant's loss in performing her part of the contract. Nor is there any rule of which I am aware that requires, as a condition of disaffirmance, that defendant be made whole for loss sustained in performance. The law is to the contrary. (See *Sternlieb* v. *Normandie Nat. Security Corp.*, 152 Misc. 303.)

I think in a case such as this, where the benefit received by the infant under the contract is intangible and not capable of measurement in terms of money, the rule to be applied is that set forth in the case of *Casey* v. *Kastel* (*supra*). If an infant who has lost or squandered the consideration received under a contract may, nevertheless, recover upon disaffirmance without a tender, surely, one who has received intangible benefit which, by reason of its very nature, cannot be returned should be in no worse position.

The contract here, as to the lessons actually received, was, in a sense, executed; as to the remaining lessons, it was executory, at least on the infant's part. That fact, however, cannot affect the result, since, by the weight of authority, the rule to be applied is the same in either case. Had there been full performance, the result would be the same. (See *Adamowski* v. *Curtis-Wright Flying Service*, 300 Mass. 281.)

The result which must be reached here may seem to be unjust; but whatever may be individual opinion respecting its soundness in a modern day and age, the law still guards the interests of minors against their own assumed improvidence and want of judgment. Many States, including our own, have taken steps to correct obvious inequities resulting from application of the rule to particular contractual relationships between minors and others. (Debtor and Creditor Law, § 260.) Our Legislature has not yet recognized the need for change or modification of the principle which must be here applied.

Judgment will be directed for plaintiff in the sum of $250 with interest as demanded.