■　LAURA NIGRO, Also Known as LAURA NYRO, an Infant, by Her Mother and Natural Guardian, GILDA NIGRO, Appellant-Respondent, v. CELESTIAL MUSIC CORP. et al., Respondents-Appellants, et al., Defendant.— Order and judgment (one paper) entered April 18, 1969, unanimously affirmed without costs and without disbursements. We are in accord with the determinations made by the learned Special Term Justice in this application for summary judgment. However, we disagree with the reasons given for one disposition and, to avoid possible confusion on the trial, this memorandum is called for. The action is based on the alleged disaffirmance by an infant of several contracts. Among them was a contract whereby the defendant agreed to and did act as plaintiff's agent for providing theatrical engagements. In the third cause of action plaintiff sought recovery back of the commissions paid pursuant to this contract. While the order validates the infant plaintiff's disaffirmance of the contract, it denies summary judgment for that relief. Plaintiff does not dispute that defendants would be entitled to retain whatever credits they were entitled to (*Casey* v. *Kastel*, 237 N. Y. 305). This would include the benefit, i.e., the reasonable value of the services, received by the infant (*Lown* v. *Spoon*, 158 App. Div. 900). Plaintiff may be correct that this merely involves an assessment and such should have been ordered (CPLR 3212, subd. [c]). However, for pragmatic reasons an assessment at this time would be an undue burden upon both the court and the litigants. The determination of the amount, if any, recoverable by plaintiff is not a matter of calculation but will require a full trial involving testimony which to a considerable extent will parallel testimony on issues not resolved by summary judgment and remaining in the case. It will be simpler and more efficacious to resolve all these issues on the trial. For this reason the failure to order an assessment is not disturbed. Concur — Capozzoli, J. P., Markewich, Steuer and Macken, JJ.