Thomas R. Hadawat, S.
Jane Yonnone, the general guardian and mother of Marie Rose Conforti, the above-named infant, who was born on November 17, 1953, and is now married, and whose name is now Marie Rose Confdrti Quicksell, has petitioned this court for an order permitting her to pay a funeral bill rendered by Coloni Funeral Homes, Inc., for the burial of David M. Quicksell, Jr., son of said infant and her husband, in the sum of $925.
The petition alleges that neither the petitioner nor the infant’s husband has sufficient means to pay said bill, and that the petitioner, as such general guardian has, to her credit, funds of said infant in excess of $14,000 on deposit in savings bank accounts.
The infant, who will be 19 years of age on November 17, 1972, has joined in the petition, and Veterans Administration, which has furnished all of the funds standing to the credit of the general guardian, has waived notice of presentment and entry of a proposed order herein granting said application.
SCPA 1713 authorizes the making of an order, by the Surrogate’s Court, directing the application, by the guardian of an infant’s property to the support and education of the infant, the cost of the funeral of a parent of an infant, or the cost of the funeral of any other person who had no other assets available for funeral expenses and who had named the infant as *580 beneficiary of a policy of insurance upon his life, or as beneficiary or donee of any other property, to the extent that the guardian shall have collected such proceeds or property, but makes no provision for the payment of the funeral expenses of a child of an infant. The court is, nevertheless, of the opinion that the within application should be granted.
The cases are too numerous to require citing which hold that a contract made by an infant is not void, but merely voidable, at the option of the infant.
The general rule of law is that an infant has not the capacity to bind himself absolutely by contracts, since any contract made by him during his infancy may be avoided. This rule yields to the exception that, where an infant’s contract is to his benefit, it is good and binding upon him; when it is to his prejudice, it.is void; and when it is of an uncertain nature as to benefit or prejudice, it is voidable only at the election of the infant. (Matter of Taylor, 153 Misc. 673.)
The privilege of infancy is to he used as a shield and not as a sword. (Rice v. Butler, 160 N. Y. 578.)
The infant and her husband had not only the right but the duty to provide for the decent burial or incineration of the body of their deceased child within a reasonable time after death. (Public Health Law §, 4200.)
They are also responsible for the expense of such burial to the extent that they are able to pay the same, in whole or in part, and, had they failed to do so, their child might have been buried at public expense, in which event the public welfare official, paying the same, would have had the right to recover the cost thereof from the parents. (Social Services Law, §§ 101,141.)
The undertaker in question rendered a service, in good faith, to the distraught parents at a time when legal technicalities were of a secondary consideration and should not now be obliged to suffer a financial loss by reason thereof.