Robert W. Schmidt, Esq. Town Attorney, Oyster Bay
I am writing in response to a request for an opinion from Mitchell Marrone of your office. He has asked whether a sixteen year old legally may be elected as an officer or a recording secretary of a not-for-profit corporation; whether a minor may be the keeper of the not-for-profit corporation seal; and whether a minor is permitted to sign bank and governmental documents on behalf of the corporation.
We note that section 701 of the Not-For-Profit Corporation Law (NFPCL) sets out the requirements for membership on the board of directors of a not-for-profit corporation. The section sets out a general age requirement of eighteen years, making exceptions for organizations that deal with education or youth development. These groups may have directors that are between the ages of sixteen and eighteen. Section 601 of the NFPCL provides for the establishment of classes and qualifications of members of a not-for-profit corporation. Although there is no discussion in section 601 of the ability of minors to be members, section 622 indirectly addresses the issue. Section 622 begins "If the certificate of incorporation or the by-laws provide that a member shall be of full age * * *", and then goes on to address certain problems that arise when a minor seeks to exercise rights using a membership card. If a not-for-profit corporation may make majority a membership requirement, as section 622 indicates, it presumably may also allow minors to become members.
Section 713 of the NFPCL provides for the appointment of officers. This section has no age requirements, nor can any requirements be deduced from the other sections of the NFPCL. We assume that age qualifications for officers can be determined by the not-for-profit corporation and set forth in the by-laws, as in the case of qualifications for membership.
There are no age requirements in the NFPCL for holding the office of keeper of the corporate seal. Presumably, a minor could assume this office, absent any restriction in the corporation's by-laws or certificate of incorporation. As your third question recognizes, the corporate seal is often required on contracts entered into by the corporation. It may not be advisable for a minor to execute a contract on behalf of the corporation. Absent statutory authority indicating otherwise, an infant does not have the capacity to bind himself to a contract (Shields v Gross, 58 N.Y.2d 338 [1983]; Petition of Yonnone,72 Misc.2d 579 [Surrogate Ct, Orange Co, 1972]). According to The Restatements of Law, however, anyone, including minors, may act as agents and bind others by their actions (Restatement, Agency 2d, § 21). Although a recent Appellate Division case relied on such an agency analysis to hold the parents of a minor liable for the torts of a minor (Comeau v Lucas, 90 A.D.2d 674 [4th Dept, 1982]), we are aware of no cases where minors have bound others, including corporations, under contracts. For this reason, the legal authority for a minor to bind a corporation to a contract appears uncertain, and is better left untested. Thus, it is advisable that contracts entered into by not-for-profit corporations should be executed by someone who has reached their majority.
We conclude that if permitted in the by-laws or the certificate of incorporation of a not-for-profit corporation, minors may be members and hold office in the corporation.